## HURD v. DISTRICT OF COLUMBIA.

### No. 1502.

Municipal Court of Appeals for the District of Columbia.

Argued June 21, 1954.

Decided July 28, 1954.

1. Code 1951, § 45–916.

2. Code 1951, § 15–401.

3. Code 1951, § 16–318.

Joseph C. Suraci, Washington, D. C., for appellant.

John A. Earnest, Asst. Corp. Counsel, with whom Vernon E. West, Corp. Counsel, Chester H. Gray, Principal Asst. Corp. Counsel, Harry L. Walker, Asst. Corp. Counsel, and Hymie Nussbaum, Asst. Corp. Counsel, all of Washington, D. C., on the brief, for appellee

Before CAYTON, Chief Judge, and HOOD and QUINN, Associate Judges.

CAYTON, Chief Judge.

Mrs. Hurd brought this action against the District of Columbia to recover for personal injuries she sustained in falling over a defect in a public sidewalk. The trial court dismissed her complaint on the ground that she had failed to give proper notice of the injury to the District Commissioners under Code 1951, § 12–208. Mrs.

Hurd appeals, and the only question for our consideration is whether it was proper to dismiss her suit because the original notice to the Commissioners inaccurately stated the place where the injury occurred.

The cited statute provides that "no action shall be maintained against the District of Columbia for unliquidated damages to person or property unless the claimant within six months after the injury or damage was sustained, he, his agent, or attorney gave notice in writing to the commissioners of the District of Columbia of the approximate time, place, cause, and circumstances of such injury or damage * * *." Acting under the statute, Mrs. Hurd's attorney on February 26, 1953 notified the Commissioners in writing of the injury, which had occurred on December 11, 1952. This notice recited in part that appellant fell "on the brick sidewalk in front of premises 3315 Macomb Street, N. W." On February 27 the Secretary of the Board of Commissioners wrote the attorney acknowledging receipt of the letter and informing him that the matter had been referred to the Corporation Counsel. On March 17 the Inspector of Claims in the office of the Corporation Counsel sent a letter to the attorney requesting further information, as well as a statement from Mrs. Hurd authorizing him to represent her. Appellant's attorney supplied the information requested on April 13. He enclosed with his letter a statement signed by Mrs. Hurd and addressed to "The Government of the District of Columbia, Office of the Corporation Counsel," authorizing the attorney to represent her in her claim resulting from injuries received in falling on the sidewalk "in front of the Episcopal Home on Macomb Street, N. W." (Emphasis supplied.)

It was stipulated in the trial court that Mrs. Hurd actually fell in the 3600 block of Macomb St. near the intersection of Macomb St. and Wisconsin Avenue. There is no house on Macomb St. numbered 3315, but the Episcopal Home, which faces Wisconsin Avenue at the corner of Wisconsin Avenue and Macomb St., is numbered 3315 Wisconsin Avenue. A side door of the Episcopal Home faces Macomb St., and

over it appears the number 3315. The spot where Mrs. Hurd fell is on the sidewalk near this door.

It was further stipulated that the last house on Macomb St. numbered above 3300 is 3311, that there is no brick sidewalk in front of 3311, and that it is approximately 1600 feet from the place where Mrs. Hurd fell. The District, however, admits that it learned the exact location of the accident within six months after it occurred, though such knowledge did not come through any written notice addressed to the Commissioners. It was further admitted that the District was not actually prejudiced or hampered in its investigation by the mistake in the original notice.

Nevertheless, the District contends that the action was properly dismissed, that written notice to the Commissioners is mandatory, and that verbal or written notice to subordinate officials cannot be substituted for it. Therefore, it contends that it is of no consequence that it learned, well within the statutory six-month period, where the injury happened. The District takes the position that the only way in which the defect in the original notice in this case could have been corrected was by a second notice in writing, sent directly to the Commissioners within the statutory period.

We do not think the statute imposes so harsh a requirement. It was designed "to protect the District of Columbia against unreasonable claims," and "to give the District officials reasonable notice of the accident so that the facts may be ascertained and, if possible, the claim adjusted."[1] We agree that a claimant giving such a notice to the Commissioners should describe the situs of the injury in such a manner as to reasonably enable the investigating agency to find it. We also agree that the first notice in this case did not accomplish that purpose, although it is clear that the inaccuracy was not intentional or even grossly negligent: obviously plaintiff her-

self was misled by the confusing number on the Macomb St. side of the Episcopal Home. The imperfection of the notice was apparent to those who sought to find the place it described. But this defect was corrected by additional information given the Inspector of Claims in writing, particularly the statement of Mrs. Hurd that she fell *in front of the Episcopal Home.* It is to be noted that her letter, though not addressed specifically or personally to the Commissioners, was directed to "Government of the District of Columbia, Office of the Corporation Counsel," and that the Corporation Counsel, as attorney for the District of Columbia, was then in charge of the case. The Episcopal Home may be located easily; counsel have stipulated that it is listed in the Washington Telephone Directory, and consequently the first notice to the Commissioners, together with Mrs. Hurd's written statement, fully satisfied the statutory purpose. From the two letters there is no doubt that the District could have located the place of injury, and made a sufficient investigation to decide whether to settle the claim or prepare to defend against it.

Since the statutory purpose had been satisfied by the information already given the District a third letter, personally directed to the Commissioners, would have been of no real value; indeed it may well have seemed to claimant a mere technicality, and superfluous. Nor was it made necessary by any language in the statute. The statute does not deal with the situation here at hand; it sets out no procedure to be followed where a mistake is discovered in the original notice. We think it cannot be said that Congress intended that such an error would completely void the notice and require service of a new and amended one. On the contrary, the whole tenor of the act and its legislative history indicates an intention on the part of Congress to impose only reasonable requirements upon claimants, and to restrict their right to bring actions of this nature against

1. H.R.Rep.No.2010, 72d Cong., 2d Sess. (1933). See also District of Columbia v. Leys, 62 App.D.C. 3, 63 F.2d 646, certiorari denied, 289 U.S. 756, 53 S.Ct. 787, 77 L.Ed. 1500.

the District only insofar as it was necessary to protect the District. To bar the present suit, despite the fact that the statutory purpose was satisfied and the District was admittedly not prejudiced, would be to extend the language of the statute far beyond its clear purpose, and to say that every slip or misdescription as to place shall be fatal.

The fallacy of the position taken by Government counsel seems to lie in the fact that they insist on treating the first letter as an invalid notice because it misdescribed the place of the injury, and treating the second letter as ineffectual because it was not addressed to the Commissioners personally. We say such position is fallacious because we think that reason and common sense require the two letters to be read and considered together. So doing, it must be said that the claimant complied with the statute.

█ In a similar case the Supreme Court of Kansas said: "The statute requiring a statement to be filed with the clerk is. mandatory—that is, no action can be maintained until such statement is filed —but with respect to the details of the statement precise exactness is not absolutely essential. If it reasonably comply with the statute, and the city is not misled to its prejudice by any defects of description of the place where the accident happened, it has no reason to complain. The statement filed in the present case accomplished the object of the statute. We are aware that other courts have construed similar statutes more strictly. Under many

of such decisions the ruling of the trial court could be upheld, but we are not inclined to follow a strict and technical construction where the object of the statute has been accomplished by the statement filed, notwithstanding a misdescription of the place." Cook v. City of Topeka, 75 Kan. 534, 90 P. 244, 245.[2]

Our holding is not contrary to District of Columbia v. World Fire & Marine Ins. Co., D.C.Mun.App., 68 A.2d 222. There an attorney who represented both a claimant and claimant's insurance company entirely failed to notify the Commissioners in writing that he represented the insurance company, although he had orally informed the Inspector of Claims of such fact. The District, without notice of the insurance company's right of subrogation, settled the claim by paying claimant directly. Subsequently, the company brought suit to recover from the District the amount it had paid. We held that the "requirements of the statute as to written notice are mandatory, and that for failure to give such written notice the claim of the insurance company could not be maintained. Verbal notice to a subordinate official cannot take the place of the written notice which the statute says must be given to the Commissioners * * *."[3] There, the only written notice in the case failed to reveal that there were two claimants instead of one. Here there were two letters, which, as we have said, told the whole story.

Reversed, with instructions to set aside the order of dismissal.

2. For cases enunciating stricter rules in varying factual situations, see 17 McQuillin, Municipal Corporations § 48.07 (3rd Edition); 2 Merrill on Notice § 784 (1952); 63 C.J.S., Municipal Corporations § 925c.

3. 68 A.2d 224.