Marietta M. DIXON, Appellant,

v.

DISTRICT OF COLUMBIA, a Municipal Corporation, Appellee.

No. 2649.

Municipal Court of Appeals for the District of Columbia.

Argued Dec. 5, 1960.

Decided March 30, 1961.

---

Curtis P. Mitchell, Washington, D. C., for appellant.

H. Thomas Sisk, Asst. Corp. Counsel, Washington, D. C., with whom Chester H. Gray, Corp. Counsel, Milton D. Korman, Principal Asst. Corp. Counsel, and Hubert B. Pair, Asst. Corp. Counsel, Washington, D. C., were on the brief, for appellee.

Before HOOD and QUINN, Associate Judges, and CAYTON (Chief Judge, Retired) sitting by designation under Code § 11–776(b).

QUINN, Associate Judge.

Plaintiff-appellant sustained bodily injury when she allegedly tripped over a hole in a public street. She brought this suit for damages, charging the District with negligent maintenance of the roadway. Government motions for directed verdict made at the end of the plaintiff's case and later at the close of all the evidence were denied. The jury returned a verdict for plaintiff. The trial court, however, without stating its reasons therefor, set aside the verdict, entering judgment *non obstante veredicto* in favor of defendant-appellee. This is an appeal from that judgment.

The facts are brief. The incident occurred in April 1957 as appellant stepped from the sidewalk to cross a street. She attempted to avoid a small pool of water which had collected in the gutter and caught her foot in a hole, causing a fall and resulting injury. A number of photographs, illustrating a section of the gutter lined with crevices and ruts, were introduced into evidence showing the accident site. A passer-by, who had witnessed appellant's fall and had come to her assistance, testified that the area had been in a "rough and cracked" condition since 1954.

The Inspector of Claims for the District acknowledged receiving written notice in May 1957 that appellant "was caused to fall as a result of a faulty condition in the sidewalk in front of the premises" at 624 T Street, Northwest. But examining this area, he testified that he could not find the defect complained of. Not until November, more than six months after the accident, did he receive the photographs from appellant disclosing that the "faulty condition" was situated in the gutter, not the sidewalk.

Our Code Section 12–208 bars suit for unliquidated damages against the District "unless the claimant within six months after the injury * * * gave notice in writing to the commissioners of the District of Columbia of the approximate time, place, cause, and circumstances of such injury * * *." In support of the judgment n. o. v. the Government maintains that appellant's failure to correctly designate the place of her accident invalidated the notice sent pursuant to this provision. It is asserted that the letter of notice mistakenly identifying the site as the sidewalk in front of 624 T Street, Northwest, instead of the roadway, prejudiced preparation of the defense.

For the first time on appeal the Government directly attacks a Section 12–208 notice as being misleading and prejudicial as well as imperfect. In Hurd v. District of Columbia, D.C.Mun.App.1954, 106 A.2d 702, two such notices, inaccurately stating the place of injury, led to dismissal of the claimant's suit though the District's investigation was admittedly not impaired by the misinformation. We reversed, holding that the two notices, read together, furnished sufficient information so that District authorities could have discovered the right place without other assistance. As we pointed out, all adequate notice need do is "describe the situs of the injury in such a manner as to reasonably enable the investigating agency to find it." Hurd v. District of Columbia, supra, 106 A.2d at page 704. Since the notices met this standard without any prejudice resulting to the District, there was sufficient compliance with the statutory requirement.

The same test was announced in Stone v. District of Columbia which declared that "* * * notice fully complies with the purpose of the statute when it pin-points the locale with sufficient accuracy so that an investigation starting from the notice could reasonably be expected to uncover the available information." [1] This case also involved two defective notices, one of them a police report, timely filed, which wrongly located the site of an accident at certain corners of an intersection. Again, the District learned of the actual location within six months though, the majority noted, the knowledge may have been gained from some other source, as it was in the Hurd case. Since the notice specified the correct intersection, "the inclusion of additional specificity—though erroneous—should not defeat the notice in the absence of a showing of prejudice." [2]

While this statement of the majority in Stone suggests some doubt, we do not understand it to intend that a different standard should be applied when the District suffers actual prejudice. Whether the District learns of the exact location or not, from whatever source, the test, as we view it, remains: Does the notice regarded by itself show substantial compliance with Section 12–208 so that the District in the exercise of due diligence should have been able to locate the offending defect?

■ We believe that appellant's notice furnished a reasonable guide for inspection. The misdescription of the accident site was not so defective as to frustrate or impede an alert survey of the area complained of. A studied search, instigated by her report, could reasonably be expected to have revealed the affected area upon examination of the perimeter of the sidewalk contiguous to the street. The ruts were not inconspicuous nor were they far removed from the sidewalk; on the contrary, appellant's photographs show them as prominent and immediately next to the sidewalk. Indeed, the inaccuracy present in appellant's notice is less significant than those found in the Hurd and Stone cases.

■■ We turn next to the question of the sufficiency of the evidence, which, it is to be noted, must be viewed in the light most favorable to appellant.[3] On motions for directed verdict and again on this appeal the Government urged that "the plaintiff did not describe or identify the place or the condition which she contended constituted negligence on the part of the defendant and the proximate cause of her injuries." This claim must be rejected. It is true that during the course of the trial appellant testified that she could not state the dimensions of the hole, explaining that

1. 99 U.S.App.D.C. 32, 34, 237 F.2d 28, 30, certiorari denied 1956, 352 U.S. 934, 77 S.Ct. 221, 1 L.Ed.2d 160.

2. Ibid.

3. Montgomery Ward & Co. v. Duncan, 1940, 311 U.S. 243, 61 S.Ct. 189, 85 L. Ed. 147. See also Shewmaker v. Capital Transit Co., 1944, 79 U.S.App.D.C. 102, 143 F.2d 142.

it was covered with muddy water at the time of her fall; yet the jury did have photographs of the alleged defect and obviously relied upon them in rendering a finding of liability. There was no basis for ruling as a matter of law that such a finding was clearly erroneous.

Reversed, with instructions to reinstate verdict and enter judgment for appellant.