**William A. CAMPBELL, Jr., and David R. Campbell, as Personal Representatives of the Estate of Frances Campbell, Appellants,**

v.

**DISTRICT OF COLUMBIA, et al., Appellees.**

No. 88–948.

District of Columbia Court of Appeals.

Argued Nov. 9, 1989.
Decided Jan. 17, 1990.

John Perazich and David P. Sutton, Washington, D.C., for appellants.

James C. McKay, Jr., Asst. Corp. Counsel, with whom Frederick D. Cooke, Jr., Corp. Counsel at the time the brief was filed, and Charles L. Reischel, Deputy Corp. Counsel, Washington, D.C., were on the brief, for appellees.

Before BELSON, TERRY and SCHWELB, Associate Judges.

BELSON, Associate Judge:

This is an appeal from the trial court's dismissal of appellants' complaint against the District of Columbia on the ground that appellants failed to comply with the notice requirement of D.C.Code § 12–309 (1989 Repl.). We affirm.

Frances Campbell collapsed inside a bank in the northeast quadrant of the city. A bank employee called the 911 emergency telephone number and gave the dispatcher the address of the bank. The dispatcher, however, recorded the address as "Northwest" and directed an ambulance to the wrong quadrant. The dispatcher subsequently sent a second ambulance, which reached the bank 18 to 30 minutes after the bank employee first called 911. Mrs. Campbell died shortly after arriving at Capitol Hill Hospital.

■ Appellants, the personal representatives of the estate of Mrs. Campbell, filed a wrongful death claim against the District of Columbia alleging, among other things, that the city was negligent in not providing a more comprehensive training program for ambulance dispatchers. Appellants did not give prior written notice of the injury to the mayor as required by D.C.Code § 12–309 (1989 Repl.). The complaint itself, however, was filed within the six-month statutory period for giving notice.

On appeal, appellants contend that the filing and service upon the mayor of the complaint within six months of the incident satisfied the intent and spirit of the notice requirement under § 12–309, and should be deemed to have fulfilled the statutory notice requirement. We disagree.

Section 12–309 of the D.C.Code provides: An action may not be maintained against the District of Columbia for unliquidated damages to person or property unless, within six months after the injury or damage was sustained, the claimant, his agent, or attorney has given notice in writing to the Mayor of the District of Columbia of the approximate time, place,

cause, and circumstances of the injury or damage. A report in writing by the Metropolitan Police Department, in regular course of duty, is a sufficient notice. under this section.

■ We have previously observed that because § 12–309 is in derogation of the common law concept of sovereign immunity, it must be strictly construed in favor of the sovereign, *i.e.*, against waiver of immunity. *See Pitts v. District of Columbia,* 391 A.2d 803, 807 (D.C.1978). No special strictness of construction is required to uphold the trial court's ruling here. The explicit requirement of the statute that "the claimant ... has given notice in writing," expressed in the perfect tense, makes it plain that notice must have been given before suit. Accordingly, in *Gwinn v. District of Columbia,* we stated:

> [N]otice under § 12–309 is a "condition precedent" to filing a suit against the District. *Wilson v. District of Columbia,* D.C.App., 338 A.2d 437 (1975). Thus, unless timely notice is given, no "right of action" or "entitlement to maintain an action" accrues.

434 A.2d 1376, 1378 (D.C.1981).

We further noted in *Gwinn* that the legislative purpose of § 12–309 was "to ensure that District officials would be given prompt notice of claims for potentially large sums of money so that they could: quickly investigate before evidence became lost or witnesses unavailable; correct hazardous or potentially hazardous conditions; and settle meritorious claims." *Id.*

We are not persuaded by appellants' argument that the statutory purpose of § 12–309 can be served just as well by a complaint that is filed within the six-month period for giving notice. Once a complaint is filed, litigation begins. The District is then required to defend itself and to incur certain costs. The notice requirement can give the District the opportunity to avoid these costs by settling meritorious claims before complaints are filed.[1]

Appellants also contend that the District is in possession of a Fire Department report that constituted the requisite notice under § 12–309. They have not produced the report, but point to an "incident number" mentioned in a bill for ambulance service sent by the District to Mrs. Campbell's estate.

■ The provision in § 12–309 that allows a police report to serve as an alternative to written notice "is based on the idea that written notice by a claimant should not be a prerequisite to legal action if, in fact, *actual notice* in the form of a police report has been received by the District." *Allen v. District of Columbia,* 533 A.2d 1259, 1262 (D.C.1987) (emphasis in original). The statutory exception to formal notice, however, is limited to police reports. In *Jenkins v. District of Columbia,* this court rejected the argument that reports of the United States Attorney's Office or criminal trial proceedings should be treated the same as a police report for purposes of giving notice. 379 A.2d 1177, 1178 (D.C. 1977). Among other things, we pointed out that "the second sentence of § 12–309 permits notice only by police report—a report that covers all the requisite information, easily found in one place." *Id. See also Eskridge v. Jackson,* 401 A.2d 986, 989 n. 6 (D.C.1979) (exception for police but not FBI reports is not a denial of equal protection to Lorton inmates who are outside the jurisdiction of the Metropolitan Police Department).

In any event, even if this court were to treat a Fire Department report as the equivalent of a Metropolitan Police Department report, the report appellants claim exists still might not constitute sufficient notice under § 12–309. To serve as an alternative to formal notice, a police report

1. Unlike a similar New York statute discussed in *Davidson v. Bronx Municipal Hospital,* 64 N.Y.2d 59, 473 N.E.2d 761, 484 N.Y.S.2d 533 (1984), § 12–309 has no mandatory waiting period between the giving of notice and the filing of a complaint. Contrary to what appellants argue, however, this difference does not establish that § 12–309 was not meant to serve the policy of facilitating settlement. Rather, it suggests that New York's statute, which in its present form was adopted far more recently than ours, was crafted with more attention to the practicalities of achieving settlement than was ours.

"must contain information as to time, place, cause and circumstances of injury or damage with at least the same degree of specificity required of a written notice." *Miller v. Spencer*, 330 A.2d 250, 252 (D.C. 1974). Failure of a formal notice or a police report to meet the required specificity would bar the suit even if the notice actually prompted the city to make an investigation. *See Washington v. District of Columbia*, 429 A.2d 1362, 1367 (D.C.1981) (en banc).

Here, appellants have made no showing that the District is actually in possession of a Fire Department report regarding Mrs. Campbell's death or that the report contains the specificity required of a formal notice. All the appellants point to is an "incident number" in a bill for ambulance service sent to Mrs. Campbell's estate. The mere existence of a Fire Department report, however, would not give the District reason to anticipate possible litigation.

We hold that neither the filing of the complaint nor the possible existence of a Fire Department report satisfied the notice requirement of § 12–309.[2]

*Affirmed.*

---

2. Because we dispose of the appeal on procedural grounds, we need not reach the issue of whether the District had a duty of care to the decedent upon which the action could be based. The issue of the applicability of the public duty doctrine to 911 (emergency telephone number) cases is pending decision in three cases before this court: *Michael K. Johnson v. District of Columbia*, No. 88–127; *Willie L. Hines v. District of Columbia*, No. 88–277; and *Irene Wanzer v. District of Columbia*, No. 88–386. All three cases were argued on March 21, 1989.