Anthony WINTERS, Appellant,

v.

DISTRICT OF COLUMBIA, Appellee.

No. 89–1401.

District of Columbia Court of Appeals.

Submitted April 9, 1991.
Decided May 2, 1991.[1]

Anthony Winters, pro se, was on the brief.

John Payton, Acting Corp. Counsel at the time the briefs were submitted, with whom Charles L. Reischel, Deputy Corp. Counsel and James C. McKay, Asst. Corp. Counsel, were on the brief for appellee.

Before ROGERS, Chief Judge, and WAGNER, Associate Judge, and GALLAGHER, Senior Judge.

PER CURIAM:

Appellant Anthony Winters appeals from the grant of summary judgment for failure to comply with the mandatory notice requirements of D.C.Code § 12–309 (1987). We affirm.

By letter dated July 16, 1984, counsel for appellant advised the Mayor of the District of Columbia that his client was making a claim against the District for unliquidated damages "as a result of an accident occurring at the District of Columbia Jail in Lorton, Virginia on or about March 7,

1. This case was originally released as a memorandum opinion and judgment. The District of Columbia's motion to publish was granted by the division.

 

1984." The letter provided no additional information about the accident or appellant. On July 31, 1984, appellant signed a pro se complaint which was filed in the Superior Court and received by the District government on October 9, 1984. In the complaint appellant alleged that he had been injured in the Arts and Crafts Shop at the Lorton Reformatory on March 7, 1984, when he cut two fingers while operating a table saw without a safeguard in the absence of a supervisor. His attorney filed an amended complaint on November 16, 1984.

■ Long established authority in this jurisdiction makes clear that the July 16, 1984, letter did not satisfy the requirements of D.C.Code § 12–309. *See, e.g., (William) Campbell v. District of Columbia,* 568 A.2d 1076, 1078–79 (D.C.1990); *Washington v. District of Columbia,* 429 A.2d 1362, 1366 (D.C.1981) (en banc) (letter must describe the "factual cause of the injury" and make clear the basis for the District's liability). The date was uncertain, the place was uncertain, since the D.C. Jail is not located in Lorton, Virginia and there are seven correctional facilities in Lorton, *Inmates of Occoquan v. Barry,* 269 U.S.App.D.C. 210, 237 n. 46, 844 F.2d 828, 855 n. 46 (1988), and it was unclear whether appellant was an inmate, employee or visitor. Nor did the letter give any notice of the cause and circumstances of the injury or damage, or the nature of the injury or damage. *See Washington v. District of Columbia, supra; Braxton v. National Capital Hous. Auth.,* 396 A.2d 215, 217 (D.C.1978).

■ Nor could appellant's pro se complaint satisfy the notice requirement. *District of Columbia v. (Harry) Campbell,* 580 A.2d 1295, 1299 (D.C.1990). The statute also was not satisfied by administrative incident reports.[2] *(William) Campbell, supra,* 568 A.2d at 1078–79; *accord Cunningham v. District of Columbia,* 584 A.2d 573, 575 (D.C.1990). Accordingly, the judgment is affirmed.

---

**2.** We assume for purposes of this appeal that appellant could produce such reports, although

WAGNER, Associate Judge, concurring:

I concur in the result reached. In my view, specification of an exact date of an injury qualified by the phrase "on or about" does not render it uncertain for purposes of notice under D.C.Code § 12–309. The statute requires only that the statement contain the "approximate time" of injury. D.C.Code § 12–309. Moreover, a date qualified by "on or about" is widely understood and accepted as sufficient in civil and criminal proceedings. Whether the statement of location is fatally defective is also doubtful in my opinion. I concur in the result because the cause and circumstances of the injury were not stated as required. Further, we need not decide whether a prematurely filed *pro se* complaint, if timely, could satisfy the notice requirements of D.C.Code § 12–309 for purposes of a subsequently filed complaint. Appellant's *pro se* complaint was served on the District after expiration of the six months notice period. Therefore, the untimeliness of appellant's earlier complaint forecloses its consideration as notice in this case.