Earnest WORTHY, et ux., Appellant,

v.

**DISTRICT OF COLUMBIA, Appellee.**

No. 91–169.

District of Columbia Court of Appeals.

Argued Dec. 17, 1991.

Decided Dec. 18, 1991.*

David M. Kopstein, Washington, D.C., for appellant.

James C. McKay, Jr., Asst. Corp. Counsel, with whom John Payton, Corp. Counsel, and Charles L. Reischel, Deputy Corp. Counsel, Washington, D.C., were on the brief, for appellee.

Before FERREN and FARRELL, Associate Judges, and KERN, Senior Judge.

---

\* The disposition in this case was originally issued as a Memorandum Opinion and Judgment on

**PER CURIAM:**

In this suit for negligence against the District of Columbia arising from an accident in which appellant allegedly stepped into an uncovered manhole, the trial court dismissed the complaint because appellant had failed to give proper written notice of the place of the alleged injury, in accordance with D.C.Code § 12–309 (1989). We affirm.

The written notice given by appellant consisted of the following letter sent to the Mayor approximately one month after the accident:

The Honorable Marion S. Barry, Jr.
Mayor of the District of Columbia
The District Building
1350 Pennsylvania Avenue, N.W.
Washington, D.C. 20004

Dear Mr. Barry:

Please be advised that this office has been retained by Mr. Earnest Worthy of 4040 East Capital Street, Washington, D.C. 20019.

On or about June 27, 1987, at approximately 10:30 p.m., Mr. Worthy was severely injured when he stepped into an open manhole, the cover of which had been removed. Mr. Worthy contends that the cover was broken so that it could be easily removed by individuals not authorized to do so, and that this condition existed for some time but had not been corrected. Mr. Worthy further contends that but for the lack of maintenance and negligence on the part of the maintenance personnel his injuries would not have occurred.

This letter is being sent pursuant to requirements of Section 12–309 of the District of Columbia Code, 1981 edition, as amended, and hereby gives notice that we intend to make a claim to recover for the injuries that Worthy has suffered.

Very truly yours,

James H. Brown

December 18, 1991, and is being published upon the court's grant of appellee's motion to publish.

This notice, containing no mention whatsoever of where the accident took place, does not satisfy the requirement of "a reasonable guide for inspection" embodied in § 12–309, as interpreted by our decisions. *E.g., Gaskins v. District of Columbia,* 579 A.2d 719, 721–22 (D.C.1990) (quoting *Dixon v. District of Columbia,* 168 A.2d 905, 907 (D.C.1961); *see also Washington v. District of Columbia,* 429 A.2d 1362 (D.C. 1981) (en banc). Although the "reasonable guide" standard may "tolerate[ ] inaccuracies or lack of precision in the notice that [do] not affect its basic adequacy to permit a prompt and focused investigation," *Gaskins,* 579 A.2d at 723, the written notice in this case [1] provided no basis other than speculation (*i.e.,* Mr. Worthy's address of residence) from which the District could infer an even general location of the accident.

*Gaskins,* on which appellant chiefly relies, does not support the adequacy of the notice given in this case. In *Gaskins* the notice letter gave an approximate location of the accident, pointing out that it occurred as the plaintiff tripped over an eroded section of the sidewalk as she "was going to the mailbox at the corner of M Street and Bladensburg Road, N.E.," near her address listed in the letter. As the court pointed out, "[t]he District concede[d] that Ms. Gaskins' notice ... narrowed the location of the alleged accident to a 150–foot stretch of sidewalk along M Street, N.E., leading to a mailbox at the corner of M Street and Bladensburg Road." *Id.* at 722. We are not prepared to extend the tolerance allowed by *Gaskins* to a notice providing no location or description of the place of accident.

Accordingly, the judgment of the Superior Court is

*Affirmed.*

---

**1.** *Appellant concedes that our inquiry into the sufficiency of the notification is confined to the four corners of the written notice.* Gaskins, *579* A.2d at 723–24; *Washington,* 429 A.2d at 1367–68 & n. 19.