**Robert A. WILSON et al., Appellants,**

**v.**

**DISTRICT OF COLUMBIA et al.,
Appellees.**

**No. 8327.**

District of Columbia Court of Appeals.

Submitted March 18, 1975.

Decided May 23, 1975.

Richard Whittington Whitlock and Marvin Fabrikant, Washington, D. C., were on the brief, for appellants.

C. Francis Murphy, Corp. Counsel, Louis P. Robbins, Principal Asst. Corp. Counsel, Richard W. Barton and David P. Sutton, Asst. Corp. Counsel, Washington, D. C., were on the brief, for appellees.

Before FICKLING, NEBEKER and YEAGLEY, Associate Judges.

FICKLING, Associate Judge:

This is an appeal from an order of the Superior Court of the District of Columbia, Civil Division, dismissing appellants' complaint[1] against the District of Columbia (appellee) on the ground that appellants failed to give appellee notice of their claim within six months as required by D.C.Code 1973, § 12–309. The sole issue presented on appeal is whether this statute is constitutional. Finding that the statute passes constitutional muster, we affirm.

---

1. Appellants' action for assault, battery, false arrest, false imprisonment, negligence, and violation of their civil rights was originally brought in the United States District Court for the District of Columbia. The action was brought approximately one year after the alleged incident. The case was subsequently certified to the Superior Court of the District of Columbia on Feburary 15, 1973.

The operative facts in this case are not in dispute. The incident giving rise to the cause of action occurred on or about July 9, 1971, and appellants concededly did not notify the District of their claim within six months thereof.

The statute under attack provides:

An action may not be maintained against the District of Columbia for unliquidated damages to person or property unless, within six months after the injury or damage was sustained, the claimant, his agent, or attorney has given notice in writing to the Board of Commissioners of the District of Columbia of the approximate time, place, cause, and circumstances of the injury or damage. A report in writing by the Metropolitan Police Department, in regular course of duty, is a sufficient notice under this section. [D.C.Code 1973, § 12–309.]

▮ Appellants contend that the above statute violates constitutional equal protection guarantees since, by its operation, those injured by governmental and private tort-feasors are treated differently. Under the statute, written notice is a condition precedent to filing suit against the District. No such requirement exists for suits against private tort-feasors. Relying heavily on Reich v. State Highway Department, 386 Mich. 617, 194 N.W.2d 700 (1972), appellants assert that this distinc-

tion is arbitrary, irrational, and without logical basis. We find this reasoning unpersuasive.[2]

▮ Under traditional equal protection principles,[3] a state retains broad discretion to classify as long as its classifications have a reasonable basis. Dandridge v. Williams, 397 U.S. 471, 485, 90 S.Ct. 1153, 25 L.Ed.2d 491 (1970); McGowan v. Maryland, 366 U.S. 420, 425–27, 81 S.Ct. 1101, 6 L.Ed.2d 393 (1961); Lindsley v. National Carbonic Gas Co., 220 U.S. 61, 78, 31 S.Ct. 337, 55 L.Ed. 369 (1911). Closer judicial scrutiny is not required in this case since D.C.Code 1973, § 12–309, neither impinged upon fundamental rights[4] nor employed an inherently suspect classification.[5]

▮ We are satisfied that sufficient realistic and practical differences exist between governmental and private tortfeasors to justify the disparate treatment at issue in this case. The legislative history of the statute in question indicates that it was designed "to protect the District of Columbia against unreasonable claims," and "to give the District officials notice of the accident so that the facts may be ascertained and, if possible, the claim adjusted."[6] These reasons justify the disparate treatment of tort-claimants where the government is sued.

---

2. We also find Reich v. State Highway Department, *supra* distinguishable since previous Michigan Supreme Court decisions had totally abrogated the doctrine of sovereign immunity in that state. To the contrary, the doctrine, though limited, is still viable in the District of Columbia. *See* Spencer v. General Hospital of District of Columbia, 138 U.S.App.D.C. 48, 425 F.2d 479 (en banc 1969); Elgin v. District of Columbia, 119 U.S.App.D.C. 116, 337 F.2d 152 (1964).

3. The Fourteenth Amendment is not applicable to the District of Columbia. However, concepts of equal protection of law are inherent in the due process of law guaranteed to citizens of the District by the Fifth Amendment. Bolling v. Sharpe, 347 U.S. 497, 74

S.Ct. 693, 98 L.Ed. 884 (1954); Washington v. United States, 130 U.S.App.D.C. 374, 401 F.2d 915 (1968).

4. *See* Shapiro v. Thompson, 394 U.S. 618, 89 S.Ct. 1322, 22 L.Ed.2d 600 (1969).

5. *See* Graham v. Richardson, 403 U.S. 365, 91 S.Ct. 1848, 29 L.Ed.2d 534 (1971) (nationality or alienage); Loving v. Virginia, 388 U.S. 1, 87 S.Ct. 1817, 18 L.Ed.2d 1010 (1967) (race).

6. H.R.Rep.No.2010, 72d Cong., 2d Sess. (1933). *See also* District of Columbia v. Leys, 62 App.D.C. 3, 63 F.2d 646 (1932), aff'd on rehearing, cert. denied, 289 U.S. 756, 53 S.Ct. 787, 77 L.Ed. 1500 (1933).

We believe the above considerations are adequate to sustain D.C.Code 1973, § 12–309, against the constitutional challenge advanced by appellants.

Affirmed.