Richard E. GWINN, Appellant,

v.

DISTRICT OF COLUMBIA, Appellee.

No. 79–768.

District of Columbia Court of Appeals.

Argued March 12, 1980.

Decided Aug. 27, 1981.

Peter Larsen, Bethesda, Md., with whom E. John Domingues, Bethesda, Md., was on the brief, for appellant.

Leo N. Gorman, Asst. Corp. Counsel, Washington, D. C., with whom Judith W. Rogers, Corp. Counsel, Richard W. Barton, Deputy Corp. Counsel and William J. Earl, Asst. Corp. Counsel, Washington, D. C., were on the brief, for appellee.

Before NEWMAN, Chief Judge, MACK, Associate Judge, and GALLAGHER, Associate Judge, Retired.*

MACK, Associate Judge:

Appellant Gwinn appeals from the order of the trial court which granted appellee's motion for summary judgment and dismissed appellant's complaint, with prejudice, for his failure to comply with the notice requirements of D.C.Code 1973, § 12–309. The issue presented is whether appellant's minority tolled the statutory period within which he was required to give appellee notice of his claim. We hold that the statutory period was not tolled and that the trial court did not err in granting appellee's motion for summary judgment.

Appellant's complaint alleged that in June 1968, when he was eleven years old, he was injured by fellow students in an altercation occurring on a playground of a local school. As a result, appellant eventually lost all sight in his left eye.[1] He asserted that the supervisory school personnel present at the accident were negligent in failing to: prevent the altercation in light of alleged similar prior incidents; stop the battery once it commenced; and obtain immediate medical attention for appellant.

Appellant gave no written notice of his claim to appellee. Instead, he filed his complaint on January 18, 1978, over nine years after the accident. In its answer and subsequent motion for summary judgment, appellee asserted that the complaint should be dismissed for appellant's failure to provide notice in accordance with § 12-309. That section provides:

> An action may not be maintained against the District of Columbia for unliquidated damages to person or property unless, within six months after the injury or damage was sustained, the claimant, his agent, or attorney has given notice in writing to the Commissioner of the District of Columbia of the approximate time, place, cause, and circumstances of the injury or damage. A report in writing by the Metropolitan Police Department, in regular course of duty, is a sufficient notice under this section.

The trial court granted appellee's motion and dismissed the case with prejudice.

On appeal, appellant claims that he should have been excused from the notice requirements of § 12–309 during the period of his minority.[2] We disagree.

---

* Judge Gallagher was an Associate Judge of the court at the time of argument. His status changed to Associate Judge, Retired, on February 27, 1981.

1. Appellant previously, in an unrelated accident, had lost all sight in his right eye.

2. Appellant makes two additional contentions. First he contends that his blindness constitutes a physical disability sufficient to toll the notice period. We find this argument meritless. Outside of his bald assertion, appellant alleges no facts in support of his contention that his blindness prevented him from giving notice. Moreover, under appellant's reasoning, the time for giving notice (and for filing suit) would be permanently tolled since his blindness is permanent. Appellant also contends that § 12–309 violates the constitutional guarantees of equal protection and due process. We previously have held that § 12–309 passes constitutional

**1378**

Under § 12–309, potential claimants are required to provide an early warning to District officials regarding litigation likely to occur in the future. *See Pitts v. District of Columbia*, D.C.App., 391 A.2d 803 (1978). This requirement was intended by Congress to ensure that District officials would be given prompt notice of claims for potentially large sums of money so that they could: quickly investigate before evidence became lost or witnesses unavailable; correct hazardous or potentially hazardous conditions; and settle meritorious claims. *See Washington v. District of Columbia*, D.C.App., 429 A.2d 1362 (1981) (en banc); *Breen v. District of Columbia*, D.C.App., 400 A.2d 1058 (1979); *Shehyn v. District of Columbia*, D.C.App., 392 A.2d 1008 (1978); H.R. Rep.No. 2010, 72 Cong., 2d Sess. 2 (1933). Consequently, this section gives the District a "litigative advantage over an ordinary civil defendant who may learn of claims against him for unliquidated damages at any time within the long statute of limitations period." *Pitts v. District of Columbia, supra* at 807 (citation omitted).

Section 12–309 constitutes a departure from the common law concept of sovereign immunity.[3] Because it is in derogation of the common law, the section is to be strictly construed. *Washington v. District of Columbia, supra.* Accordingly, we have held that compliance with the statutory notice requirement is mandatory. *Eskridge v. Jackson*, D.C.App., 401 A.2d 986 (1979); *Hill v. District of Columbia*, D.C.App., 345 A.2d 867 (1975).

Appellant argues that this court should construe § 12–309 to incorporate, implicitly, the D.C.Code provision which allows for the tolling of statutes of limitation during the minority of a prospective litigant, *see* D.C.Code 1973, § 12–302 (as amended). This position is untenable in light of explicit statutory language and legislative intent. Section 12–302 provides, *inter alia*, that when a person *entitled to maintain an action* is under 18 years old at the time *the right of action accrues*, he or his representative may bring an action within the time limited after the disability (*i. e.*, his minority) is removed. This, of course, presupposes that a "right of action" exists and that the claimant is "entitled to maintain" that action. In contrast, notice under § 12–309 is a "condition precedent" to filing a suit against the District. *Wilson v. District of Columbia*, D.C.App., 338 A.2d 437 (1975). Thus, unless timely notice is given, no "right of action" or "entitlement to maintain an action" accrues. Moreover, legislative history makes clear the differences between the two provisions.

Section 12–309 was purely a notice provision specifically designed to avoid, as applied to the District, the pitfalls of the statute of limitations. Prior to its passage, suits could be brought within the statute of limitations period but so long after the event giving rise to the claim that it was impossible for the District to obtain evidence for use in dealing with such claims. *See Shehyn v. District of Columbia, supra*; H.R.Rep.No. 2010, *supra.* To permit the notice period to be tolled, as appellant advocates, would create a situation where prospective litigants could delay in excess of seventeen years before notifying the District of their claim. Such an interpretation would totally frustrate the legislative intent.

We have previously stressed that "[w]e cannot properly read into § 12–309 a restrictive congressional intention which the statutory language does not reflect and the House Report and debate do not directly acknowledge." *Breen v. District of Columbia, supra* at 1061. In light of statutory language, express congressional intent and the strict interpretation attendant to statutes in derogation of the common law, we

muster. *See Wilson v. District of Columbia*, D.C.App., 338 A.2d 437 (1975).

**3.** The doctrine of sovereign immunity, though limited, is still viable in the District of Columbia. *See Wilson v. District of Columbia, supra* at 438 n.5. The District is immune from suit when the act complained of was committed in the exercise of a discretionary function. *Chandler v. District of Columbia*, D.C.App., 404 A.2d 964 (1979).

conclude that the statutory period of notice was not tolled during appellant's minority. While we recognize that this interpretation may work hardships to prospective litigants who have not reached the age of majority before the time within which notice of their respective claims must be given, we are of the opinion that any potential remedy rests in the hands of the legislature.[4]

Accordingly, we affirm the order of the Superior Court.

NEWMAN, C. J., dissents.

---

4. By our decision today, we have left unanswered the question whether the statutory period of § 12–309 is tolled for a claimant when the fault of the government makes timely compliance unreasonable or impossible. *See Hill v.* *District of Columbia, supra.* As we noted in *Hill*, other jurisdictions having similar notice statutes are divided on whether their respective notice provisions should be tolled under such circumstances. *Id.* at 869 n.3.