Ronald C. BROWN, Jr., et al., Plaintiffs,

v.

DISTRICT OF COLUMBIA,
et al., Defendants.

CIV.A.No. 00–135(RMU).

United States District Court,
District of Columbia.

Jan. 30, 2001.

Jonathan G. Axelrod, Beins, Axelrod & Kraft, P.C., Washington, DC, for plaintiffs.

Melvin Bolden, Office of Corporation Counsel, Washington, DC, for defendants.

## *MEMORANDUM OPINION*

URBINA, District Judge.

## GRANTING THE PLAINTIFFS' MOTION FOR LEAVE TO FILE A THIRD AMENDED COMPLAINT

### I. INTRODUCTION

Ronald Brown, *et al.*, ("the plaintiffs") bring this action for injunctive relief and monetary damages for their employer's alleged failure to pay overtime, in violation of the Fair Standards Act ("FLSA"), 29 U.S.C. § 201 *et seq.* The District of Columbia Board of Education and the District of Columbia Public Schools ("the defendants") employ the plaintiffs in various capacities. The plaintiffs now seek leave of the court to file a third amended complaint.

The first amended complaint, accepted by the court as a matter of course pursuant to Federal Rule of Civil Procedure 15(a), added 205 employees of the defendants as plaintiffs. The second amended complaint added five more plaintiffs and substituted the defendants with the District of Columbia and Arlene Ackerman, the superintendent of the D.C. Public Schools. The defendants did not oppose the filing of either the first or second amended complaints. The third amended complaint would add one additional plaintiff. Once again, the defendants did not file an opposition. For the reasons that follow, the court will grant the plaintiffs' motion for leave to file a third amended complaint.

### II. BACKGROUND

The plaintiffs' original complaint alleged that from about May 1, 1998, to the present, the defendants have failed to pay the plaintiffs overtime whenever they have worked more than 40 hours per week. *See* Compl. ¶ 15. The plaintiffs also claimed that the defendants have systematically destroyed evidence to hide their failure to pay overtime. *See id.* ¶¶ 20–21. These actions violate the Fair Labor Standards Act, according to the plaintiffs. *See id.* ¶ 1; *see also* 29 U.S.C. § 201 *et seq.*

On February 2, 2000, before the defendants had filed any responsive pleading, the plaintiffs sought leave to file a first amended complaint that added 205 of the defendants' employees as plaintiffs. *See* Pls.' First Mot. to Amend ¶ 4. The defendants answered this first amended complaint without opposing the plaintiffs' motion to amend. *See* Answer to First Am. Compl. The plaintiffs then moved for leave to file a second amended complaint to add five additional plaintiffs and to replace defendants D.C. Board of Education and the D.C. Public Schools with the District of Columbia and Arlene Ackerman in her capacity as D.C. Superintendent. *See* Pls.' Second Mot. to Am. Compl. at 1–4. The defendants did not oppose the plaintiffs' motion for leave to file a second amended com-

plaint, but noted that Ms. Ackerman left the D.C. Public Schools, thus rendering moot the plaintiffs' request to add her as a defendant.[1] *See* Answer to Second Mot. to Am. Compl. at 1.

On December 14, 2000, the plaintiffs filed a motion for leave to file a third amended complaint. *See* Pls.' Third Mot. to Amend. The third amended complaint would add as a plaintiff one additional employee of the defendants. The defendants have not filed a response to the plaintiffs' motion.

## III. ANALYSIS

### A. Legal Standard

Federal Rule of Civil Procedure 15(a) provides that a "party may amend the party's pleading once as a matter of course at any time before a responsive pleading is served...." FED. R. CIV. P. 15(a). Once a responsive pleading is filed, "a party may amend the party's pleading only by leave of the court or by written consent of the adverse party; and leave shall be freely give when justice so requires." *Id.; see also Foman v. Davis*, 371 U.S. 178, 182, 83 S.Ct. 227, 9 L.Ed.2d 222 (1962). The D.C. Circuit has held that it is an abuse of discretion for a trial court to deny leave to amend unless it found a sufficiently compelling reason, such as "undue delay, bad faith or dilatory motive ... repeated failure to cure deficiencies by [previous] amendments ... [or] futility of amendment." *Firestone v. Firestone*, 76 F.3d 1205, 1208 (D.C.Cir.1996) (quoting *Foman*, 371 U.S. at 182, 83 S.Ct. 227).

In addition, Local Rule 7.1(b) of the United States District Court for the District of Columbia, provides, in pertinent part, that if a party opposing a motion fails to file an opposition within the prescribed time, "the court may treat the motion as conceded." *See* LCvR 7.1(b); *see also M.K. v. Tenet*, 99 F.Supp.2d 12, 25 n. 21 (D.D.C.2000) (Urbina, J.).

### B. Application of Legal Standard

In their motion for leave to file a third amended complaint, the plaintiffs seek to add one additional plaintiff, Joseph Mosley, who works for the defendants. *See* Pls.' Third Mot. to Amend at 1. The defendants have not filed any opposition to this motion. The Federal Rules of Civil Procedure adopt liberal pleading standards. Consequently, Rule 15(a) states that "leave [to amend pleadings] shall be freely given when justice so requires." FED. R. CIV. P. 15(a); *see also Firestone*, 76 F.3d at 1208. Moreover, "an unopposed motion may be treated as conceded by the nonmoving party." *M.K.*, 99 F.Supp.2d at 25 n. 21. Local Rule 7.1(b) grants the district courts the same authority. *See* LCvR 7.1(b). Thus, the court will treat the motion as conceded and will grant the plaintiffs' motion for leave to file a third amended complaint.

## IV. CONCLUSION

For all of these reasons, the court will grant the plaintiffs' motion to file a third amended complaint. An Order consistent with this Memorandum Opinion is separately and contemporaneously issued this 29 day of January, 2001.

---

1. The court granted leave to the plaintiffs to amend their complaint again to substitute the new superintendent of the D.C. Public Schools. *See* Memorandum Opinion dated August 7, 2000.