191 F.Supp.2d 154 (2002)
William R. DAY, a.k.a. Ahmed Assalaam, Plaintiff,
v.
D.C. DEPARTMENT OF CONSUMER AND REGULATORY AFFAIRS et al., Defendants.
No. Civ.A.01-0887(RMU).
United States District Court, District of Columbia.
March 12, 2002.
*155 William R. Day, a.k.a. Ahmed Assalaam, Washington, DC, Plaintiff Pro-se.
Lorry B. Bonds, Assistant General Counsel, District of Columbia Housing Authority, Washington, DC, for Defendant Lowery.
Andrews S. Hoenig, Assistant Corporation Counsel, Section IV, General Litigation Division, Washington, DC, for Elected Official Defendants and Defendants Bookard, Thompson, and Fails.
David A. Hyden, Assistant Corporation Counsel, General Litigation Division, Washington, DC, for Defendants Jordan, Delgado, and Ford.

MEMORANDUM OPINION
GRANTING DEFENDANT LOWERY'S MOTION TO DISMISS; ORDERING FURTHER BRIEFING ON THE ELECTED OFFICIAL DEFENDANTS' MOTION TO DISMISS; RESOLVING ALL OTHER PENDING MOTIONS
URBINA, District Judge.

I. INTRODUCTION
This civil-rights action comes before the court on the defendants' motion to dismiss for lack of subject-matter jurisdiction or, alternatively, for failure to state a claim on which relief can be granted. The pro se plaintiff, William R. Day, also known as Ahmed Assalaam ("the plaintiff" or "Mr. Day"), brings suit pursuant to 42 U.S.C. § 1983, alleging that on various occasions, officers of the District of Columbia Department of Consumer and Regulatory Affairs ("DCRA") and/or the Metropolitan Police Department ("MPD") entered and searched his residence without a warrant, seized his personal property, assaulted and battered him, evicted him from the premises, and ordered him to resign his elected position as an Advisory Neighborhood Commissioner.
One of the defendants, District of Columbia Housing Authority ("DCHA") Officer Jethro Lowery ("Defendant Lowery"),[1] moves to dismiss the complaint on the following grounds: first, D.C.Code § 12-309 bars the plaintiff bringing this action because he failed to file a timely notice of his potential claims and report of injury to the District of Columbia ("D.C." or "the District");[2] and second, the plaintiff fails to state a claim on which relief can be granted pursuant to Federal Rule of Civil Procedure 12(b)(6). In addition, a group of co-defendants have filed a joint motion to dismiss. These named defendants include D.C. Mayor Anthony Williams, MPD Chief Charles Ramsey, and D.C. Council members Linda Cropp, Jack Evans, Sharon *156 Ambrose, Harold Brazil, David Catania, Jim Graham, Kathleen Patterson, Vincent Orange, Kevin Chavous, Carol Schwartz, Phil Mendelson, Adrian Fenty, and Sandy Allen ("elected official defendants"[3]). These defendants move to dismiss the complaint, invoking the qualified immunity defense. For the reasons that follow, the court will grant Defendant Lowery's motion to dismiss, will order further briefing on the elected official defendants' motions to dismiss and will resolve all the other pending motions.

II. BACKGROUND
A resident of the District of Columbia, Mr. Day alleges that in the spring of 1998, DCRA Inspector James Delgado ("Defendant Delgado") and MPD officers used excessive force to enter and search his premises without probable cause, and committed the offenses of assault and battery. See Compl. ¶¶ 2, 37.
Mr. Day also claims that on March 18, 1999, Defendant Delgado, MPD Officer Burgess ("Defendant Burgess"),[4] and MPD Officer Kenneth Bookard ("Defendant Bookard") forcibly entered and searched his home without a warrant and assaulted him by trying to frighten him "in a threatening and menacing manner by their abusive conduct." See id. ¶ 38. Furthermore, Mr. Day alleges that Defendant Delgado gave him a citation and then solicited him to participate as an accessory after the fact by asking Mr. Day to render aid to a conspiracy to commit an overt act to dismiss the citation.[5]See id. ¶ 39.
On June 8, 1999, Mr. Day claims that Defendant Delgado, Defendant Burgess, and MPD Officer Thompson ("Defendant Thompson"),[6] forcibly entered and searched his home without a warrant. See Compl. ¶ 40. He also pleads that Defendant Delgado and Defendant Burgess committed an assault and battery on him by threatening him. See id. ¶ 41. Moreover, Mr. Day alleges that Defendant Delgado violated his First Amendment rights by issuing him a citation for displaying a sign and making derogatory and demeaning statements regarding his exercise of religious beliefs. See Compl. ¶¶ 42-3. Mr. Day also claims that Defendant Delgado violated his constitutional right to "life or liberty without due process of law" when he attempted to prevent Mr. Day from carrying out his lawful duties within the District of Columbia as the elected Advisory Neighborhood Commissioner for Single Member District 2D06 by threatening him in a menacing manner and ordering him to resign from office. See id. ¶ 44. On June 18, 1999, Mr. Day petitioned the District for redress of the alleged civil infractions and filed an official complaint with the MPD's Internal Affairs Division. See id. ¶¶ 34-5.
Next, Mr. Day alleges that on August 10, 1999, Defendant Bookard, MPD Officer D.C. Fails ("Defendant Fails"), MPD Officer Allen Gant ("Defendant Gant"), and Defendant Lowery invaded his property, threatened him, refused to allow him to secure and display his identification and held him liable for actions he had taken as an elected representative. See id. ¶ 45. Finally, Mr. Day alleges that Defendant Fails and Defendant Bookard failed to *157 make public his arrest or record it in the arrest book. See id.
According to Defendant Lowery, the DCHA had assigned him to the public housing property adjacent to Mr. Day's home. See Def. Lowery's Mot. to Dismiss at 4. While Defendant Lowery recalls a number of MPD officers arriving at the adjacent property, he declares that he was not involved in the activities that occurred in Mr. Day's home on August 10, 1999 or on any other day. See id.
On February 18, 2000, the Hearing Examiner of the DCRA Office of Adjudication issued a decision and order dismissing the civil infractions against Mr. Day. See id. ¶ 36. On April 24, 2001, the plaintiff filed the instant complaint. On May 18, 2001, Defendant Lowery filed a motion to dismiss, and on July 12, 2001, the elected official defendants filed a motion to dismiss.

III. ANALYSIS

A. Legal Standard for a Motion to Dismiss
On a motion to dismiss pursuant to Rule 12(b)(1), the plaintiff bears the burden of establishing that the court has jurisdiction. See District of Columbia Retirement Bd. v. United States, 657 F.Supp. 428, 431 (D.D.C.1987). In evaluating whether subject-matter jurisdiction exists, the court must accept all the complaint's well-pled factual allegations as true and draw all reasonable inferences in the plaintiff's favor. See Scheuer v. Rhodes, 416 U.S. 232, 236, 94 S.Ct. 1683, 40 L.Ed.2d 90 (1974), overturned on other grounds by Harlow v. Fitzgerald, 457 U.S. 800, 102 S.Ct. 2727, 73 L.Ed.2d 396 (1982). The court need not, however, accept inferences unsupported by the facts alleged or legal conclusions that are cast as factual allegations. See, e.g., Lawrence v. Dunbar, 919 F.2d 1525, 1529 (11th Cir.1990).
Moreover, the court need not limit itself to the allegations of the complaint. See Hohri v. United States, 782 F.2d 227, 241 (D.C.Cir.1986), vacated on other grounds by 482 U.S. 64, 107 S.Ct. 2246, 96 L.Ed.2d 51 (1987). Rather, the court may consider such materials outside the pleadings as it deems appropriate to determine whether it has jurisdiction in the case. See Herbert v. National Acad. of Sciences, 974 F.2d 192, 197 (D.C.Cir.1992).
For a complaint to survive a Rule 12(b)(6) motion to dismiss, it need only provide a short and plain statement of the claim and the grounds on which it rests. See FED.R.CIV.P. 8(a)(2); Conley v. Gibson, 355 U.S. 41, 47, 78 S.Ct. 99, 2 L.Ed.2d 80 (1957). A motion to dismiss under Rule 12(b)(6) tests not whether the plaintiff will prevail on the merits, but instead whether the plaintiff has properly stated a claim. See FED.R.CIV.P. 12(b)(6); Scheuer, 416 U.S. at 236, 94 S.Ct. 1683. The plaintiff need not plead the elements of a prima-facie case in the complaint. See Sparrow v. United Air Lines, Inc., 216 F.3d 1111, 1114 (D.C.Cir.2000); see also Swierkiewicz v. Sorema N.A., 534 U.S. 506, 122 S.Ct. 992, 152 L.Ed.2d 1 (2002) (holding that a plaintiff in an employment-discrimination case need not establish her prima-facie case in the complaint). Thus, the court may dismiss a complaint for failure to state a claim only if it is clear that no relief could be granted under any set of facts that could be proved consistent with the allegations. See Hishon v. King & Spalding, 467 U.S. 69, 73, 104 S.Ct. 2229, 81 L.Ed.2d 59 (1984); Atchinson v. District of Columbia, 73 F.3d 418, 422 (D.C.Cir.1996). In deciding such a motion, the court must accept all the complaint's well-pled factual allegations as true and draw all reasonable inferences in the nonmovant's favor. See Scheuer, 416 U.S. at 236, 94 S.Ct. 1683.

*158 B. D.C.Code § 12-309
Both Defendant Lowery and the elected official defendants argue that D.C.Code § 12-309 bars the plaintiff's claims since he failed to file a timely notice. In relevant part, D.C.Code § 12-309 provides:
An action may not be maintained against the District of Columbia for unliquidated damages to person or property unless, within six months after the injury or damage was sustained, the claimant, his agent, or attorney has given notice in writing to the Mayor of the District of Columbia of the approximate time, place, cause, and circumstances of the injury or damage. A report in writing by the Metropolitan Police Department, in regular course of duty, is a sufficient notice under this section.
D.C.Code § 12-309. This statute is designed "to (1) protect the District of Columbia against unreasonable claims and (2) to give reasonable notice to the District of Columbia so that the facts may be ascertained and, if possible, deserving claims adjusted and meritless claims resisted." Pitts v. District of Columbia, 391 A.2d 803, 807 (D.C.1978). Courts should strictly construe Section 12-309's notice requirements. See Gwinn v. District of Columbia, 434 A.2d 1376, 1378 (D.C.1981). Moreover, Section 12-309 is not subject to the tolling policies applicable to a statute of limitations, but rather the fulfillment of the section's requirements is a condition precedent to any "`right of action' or `entitlement to maintain an action'" for tort damages against the District. See id.
The court first notes that well-settled case law holds that Section 12-309 does not apply to the plaintiff's alleged deprivation of constitutional rights in violation of 42 U.S.C. § 1983. See Brown v. United States, 742 F.2d 1498 (D.C.Cir. 1984) (en banc). When Congress enacted Section 12-309 in 1933, "there is no evidence that Congress envisioned itself to be acting as other than a local legislature protecting a municipality from the threat of excessive common law tort liability." See id. at 1501-02. Accordingly, the D.C. Circuit held that a plaintiff's noncompliance with Section 12-309's notice requirements cannot bar her federal claims (either under Section 1983 or in a Bivens- type action) against the District.[7]See id. at 1500 n. 2, 1509-10. As the D.C. Circuit observed, "[s]tate law is not usually thought to add elements to federal rights of action." Id. at 1508. Therefore, applying Brown's line of reasoning, the court concludes that Section 12-309's notice requirement does not bar the plaintiff's federal claims against the defendants from proceeding.[8]
In this case, the plaintiff claims that he submitted a complaint letter within the six-month time frame to Mayor Williams and therefore satisfied Section 12-309's requirements. See Compl. ¶ 45. In his motion to dismiss, however, Defendant Lowery contends that the plaintiff did not file a timely notice of his potential claims and report of injury to the District of Columbia as per Section 12-309. See Def. Lowery's Mot. to Dismiss at 4. This issue, then, is clearly in dispute. At this point in the litigation, because the court must accept the plaintiff's well-pled factual allegations as true, the court must conclude that the plaintiff has sent a timely notice and that Section 12-309's notice requirement *159 does not bar the plaintiff's claim. See Scheuer, 416 U.S. at 236, 94 S.Ct. 1683. Finally, even assuming arguendo that at a later stage of this case the court concludes that the plaintiff did not submit a timely notice, as noted above, Section 12-309 would only bar the plaintiff's state-law claims. See Brown, 742 F.2d at 1500 n. 2, 1509-10.

C. Officer Lowery's Motion to Dismiss for Failure to State a Claim
In the alternative, Defendant Lowery suggests that the plaintiff fails to state a claim on which relief can be granted pursuant to Rule 12(b)(6). See FED.R.CIV.P. 12(b)(6). A court may dismiss a complaint for failure to state a claim only if it is clear that no relief could be granted under any set of facts that could be proved consistent with the allegations. See Hishon, 467 U.S. at 73, 104 S.Ct. 2229; Atchinson, 73 F.3d at 422.
In this case, the plaintiff alleges that Defendant Lowery assisted the MPD officers in committing tortious acts against him. See Compl. ¶ 45. The court concludes, however, that the allegations against Defendant Lowery are so conclusory and unsupported that they warrant dismissal. See Hishon, 467 U.S. at 73, 104 S.Ct. 2229. First, the plaintiff only mentions Defendant Lowery once in the entire complaint. See Compl.; Def. Lowery's Mot. to Dismiss at 2. Second, Defendant Lowery submits an affidavit in which he declares that although he was on duty in a public housing development on August 10, 1999 and is "often observed in the vicinity near the Plaintiff's stated residence," he had no idea why the MPD officers went to the Plaintiff's home on that day. See id. Ex. 1 (Lowery Aff.) at 1-2. Indeed, Defendant Lowery states:
I did not know what responsibilities the MPD officers had when they arrived at Plaintiff's stated residence. I was not involved in any operations or activities with MPD or any police task force on behalf of the District of Columbia Department of Consumer and Regulatory Affairs or the District of Columbia Council.
I am not aware of any of the activities that the Plaintiff alleges. I recall MPD arriving at the adjacent property on that date, but only because it was an unusual occurrence. However, I was not present in Plaintiff's stated residence. Furthermore, I do not know the identity of the Plaintiff.
Id. at 2. Moreover, the plaintiff totally fails to refute Defendant Lowery's contentions. See Pl.'s Opp'n. If a party fails to counter an argument that the opposing party makes in a motion, the court may treat that argument as conceded. See, e.g., Lewis v. United States, 1990 WL 179930, *2 (D.D.C.1990) (treating the plaintiffs' arguments made in opposition to the defendant's motion to dismiss as conceded because the defendant "failed to respond to these arguments in its reply memorandum"). Because the plaintiff's opposition fails to refute Defendant Lowery's declaration that he never went to the plaintiff's home on August 10, 1999 and that he was not involved in any of the activities that occurred there on that day, the court treats this fact as conceded by the plaintiff. See id. Accordingly, the plaintiff cannot state a valid claim for a violation of his civil rights pursuant to Section 1983 against this defendant, and the court grants Defendant Lowery's motion to dismiss pursuant to Rule 12(b)(6).

D. Procedural Issues
On July 12, 2001, the elected official defendants filed a motion to dismiss the complaint pursuant to Rule 12(b)(6). On July 26, the plaintiff filed an opposition to the elected official defendants' motion to extend time to answer nunc pro tunc. *160 The elected official defendants explained that the delay was inadvertent because they did not request representation until after the date for filing had passed. See Elected Official Defs.' Mot. to File Answer Nunc Pro Tunc at 1. In addition, these defendants maintain that granting their motion would not prejudice the plaintiff or "interfere with the fair and efficient administration of justice." See id. The court agrees and concludes that there is good cause to allow an enlargement of time pursuant to Federal Rule of Civil Procedure 6(b).
The court notes, however, that it does not countenance undue delays. Accordingly, the court now resolves all the pending motions so that this case can proceed swiftly.
The court denies the plaintiff's motion to reverse the court's order dated June 29, 2001, which granted Defendant Lowery's motion to enlarge time to file his reply brief in support of his motion to dismiss. In addition, the court grants the motion by defendants Bookard, Thompson, and Fails to file their answer nunc pro tunc. The court also grants the motion by defendants Jordan, Delgado, and Ford to file their answer nunc pro tunc. Moreover, the court denies as moot the plaintiff's motion to compel compliance with the court's rules. Finally, the court denies without prejudice the plaintiff's motion for the court's indulgence or in the alternative for a court order for service of the summons and complaint on Defendants Burgess and Gant. The court gives the plaintiff leave to raise this issue again, if necessary, after the court has resolved the elected official defendants' motion to dismiss.
Before convening a status conference with all the remaining parties in this case, the court will resolve the elected official defendants' motion to dismiss. Now that the court has granted the elected official defendants' motion to file their motion to dismiss nunc pro tunc, the court will set the following schedule for the remaining briefing on this motion:
the plaintiff's opposition to the elected official defendants' motion to dismiss shall be filed no later than April 3, 2002, and the elected official defendants' reply shall be filed no later than April 17, 2002.

IV. CONCLUSION
For all these reasons, the court grants Defendant Lowery's motion to dismiss, orders further briefing on the elected official defendants' motion to dismiss and resolves all the other pending motions. An order directing the parties in a fashion consistent with this Memorandum Opinion is separately and contemporaneously issued on this 12 day of March, 2002.

ORDER
GRANTING DEFENDANT LOWERY'S MOTION TO DISMISS; ORDERING FURTHER BRIEFING ON THE ELECTED OFFICIAL DEFENDANTS' MOTION TO DISMISS; RESOLVING ALL OTHER PENDING MOTIONS
For the reasons stated in this court's Memorandum Opinion separately and contemporaneously issued this _______ day of March, 2002, it is
ORDERED that Defendant Lowery's motion to dismiss is GRANTED; and it is
FURTHER ORDERED that the parties shall submit further briefing on the elected official defendants' motion to dismiss as follows: the plaintiff's opposition shall be filed no later than April 3, 2002, and the elected official defendants' reply shall be filed no later than April 17, 2002; and it is
ORDERED that the plaintiff's motion to reverse the court's order granting Defendant Lowery's motion to enlarge time to file his reply brief is DENIED; and it is
*161 FURTHER ORDERED that the motion by Defendants Bookard, Thompson, and Fails to file their answer nunc pro tunc is GRANTED; and it is
ORDERED that the motion by Defendants Jordan, Delgado, and Ford to file their answer nunc pro tunc is GRANTED; and it is
FURTHER ORDERED that the plaintiff's motion to compel compliance with the court's rules is DENIED as moot; and it is
ORDERED that the plaintiff's motion for the court's indulgence or in the alternative for a court order for service of the summons and complaint on Defendants Burgess and Gant is DENIED without prejudice.
SO ORDERED.
NOTES
[1] In his complaint, the plaintiff named Officer "Gilbert Laury" of the District of Columbia Housing Authority ("DCHA") as a defendant. See Compl. at 2. The DCHA, however, does not employ an officer by that name. See Def. Lowery's Mot. to Dismiss at 2. As the officer himself acknowledges, "Officer Jethro Lowery has been determined presumably as the DCHA officer that was referred to in the Complaint." Id. Indeed, the plaintiff admits that he may have misspelled Defendant Lowery's name based on how it sounded. See Pl.'s Opp'n at 2. The court will therefore refer to this defendant as Defendant Lowery.
[2] While Defendant Lowery never explicitly says as much, his motion makes clear that this argument revolves around his contention that the court lacks subject-matter jurisdiction to hear this case pursuant to Federal Rule of Civil Procedure 12(b)(1).
[3] For the sake of brevity, the court will use this term to refer to this group of defendants even though MPD Chief Ramsey is not an elected official.
[4] The complaint lists no first name for Defendant Burgess.
[5] The court cannot provide a clearer picture of the allegations since the complaint is the only source of the alleged facts.
[6] Once again, the complaint does not provide a first name for this defendant. See Compl. ¶ 13.
[7] In Bivens v. Six Unknown Named Federal Narcotics Agents, the Supreme Court held that a plaintiff could recover damages against federal officers for a violation of the plaintiff's Fourth Amendment rights. See 403 U.S. 388, 91 S.Ct. 1999, 29 L.Ed.2d 619 (1971).
[8] Because no defendant has raised the issue, the court does not address whether the plaintiff has met all the requirements for bringing a Section 1983 action. See 42 U.S.C. § 1983.