**Rebecca OWENS, Appellant,**

v.

**DISTRICT OF COLUMBIA, Appellee.**

**No. 08–CV–1647.**

District of Columbia Court of Appeals.

Argued March 24, 2010.
Decided April 29, 2010.

---

**9.** *Bright v. United States,* 698 A.2d 450, 457–458 (D.C.1997).

**1086**

Thomas T. Ruffin, Jr., for appellant.

Richard S. Love, Senior Assistant Attorney General, with whom Peter J. Nickles, Attorney General for the District of Columbia, Todd S. Kim, Solicitor General, and Donna M. Murasky, Deputy Solicitor General, were on the brief, for appellee.

Before KRAMER, FISHER, and BLACKBURNE–RIGSBY, Associate Judges.

FISHER, Associate Judge:

Granting the District of Columbia's motion for judgment on the pleadings, the Superior Court dismissed appellant's suit (which alleged violations of the District of Columbia Human Rights Act (DCHRA)) because she had not filed timely notice of her claim as required by D.C.Code § 12–309 (2001). We agree that § 12–309 applies to suits for unliquidated damages against the District of Columbia under the DCHRA, and therefore affirm.[1]

---

1. The trial court also dismissed appellant's suit on the independent ground that the stat- ute of limitations expired before appellant

## I. Factual and Procedural Background

Rebecca Owens alleged that, while employed at the Department of Mental Health (DMH), she was unable to work from March until September 2004 due to carpal tunnel syndrome. When she returned to work on September 20, 2004, she requested a reasonable accommodation, which the DMH denied. In November 2004, Ms. Owens complained internally about this denial, and asserted that her workplace duties and the authority she previously enjoyed had been revoked. The most recent instance of allegedly discriminatory or retaliatory action occurred when she requested a promotion, which the DMH denied on March 2, 2005.

On March 18, 2005, sixteen days after she was denied the promotion, Ms. Owens completed a DMH Equal Employment Opportunity (EEO) office complaint form. The EEO office finalized its report approximately ten months later and, shortly thereafter, on February 10, 2006, Ms. Owens filed an administrative complaint with the Office of Human Rights (OHR). The OHR dismissed the complaint as "not timely" on May 9, 2006. On July 19, 2006, Ms. Owens sent a letter to the Mayor (received at the Office of Risk Management (ORM) that same day) purporting to satisfy the statutory notice requirements

of D.C.Code § 12–309 (2001). Ms. Owens filed this lawsuit alleging unlawful employment practices in violation of the DCHRA, D.C.Code § 2–1402.11, on July 20, 2006.

## II. Section 12–309 Notice

### A. Standard of Review

■ Compliance with § 12–309 is a question of law that we consider *de novo. Wharton v. District of Columbia,* 666 A.2d 1227, 1230 (D.C.1995). We also review *de novo* a grant of judgment on the pleadings. *Wilson Courts Tenants Ass'n v. 523–525 Mellon St., LLC,* 924 A.2d 289, 292 (D.C. 2007).

### B. Application to the DCHRA

■ Ms. Owens contends that § 12–309 does not apply to suits brought against the District of Columbia under the DCHRA. Although we have not previously addressed this issue, several Superior Court judges and judges of the United States District Court for the District of Columbia have held that § 12–309 applies "to statutory claims, including DCHRA claims." *Byrd v. District of Columbia,* 538 F.Supp.2d 170, 175–76 (D.D.C.2008) ("[Plaintiffs'] DCHRA claims—to the extent they seek unliquidated damages—are dismissed for failure to provide mandatory notice."; citing cases "holding that § 12–309 does apply to the DCHRA").[2]

---

filed her complaint. In light of our disposition, we need not address that issue.

**2.** The opinion in *Byrd* cites unpublished decisions of the Superior Court. *See also Booth v. District of Columbia,* No. 04–1909, 2010 WL 1286318, at *7, —— F.Supp.2d ——, —— (D.D.C. April 1, 2010) (plaintiffs "cannot proceed on this [DCHRA count] because of their failure to provide the District with § 12–309 notices"); *Elzeneiny v. District of Columbia,* No. 09–889, 2010 WL 1174210, at *4, —— F.Supp.2d ——, —— (D.D.C. March 29, 2010) (dismissing "DCHRA claim insofar as it seeks unliquidated damages" for failure to provide

"the required notice" pursuant to § 12–309); *Faison v. District of Columbia,* 664 F.Supp.2d 59, 68–69 (D.D.C.2009) (dismissing plaintiff's claims under the DCHRA for failure to comply with notice statute, despite compliance with DCHRA's statute of limitations); *Caudle v. District of Columbia,* No. 08–00205, 2008 WL 3523153, *4 (D.D.C. Aug. 13, 2008) (dismissing claims for unliquidated damages under the DCHRA because plaintiffs failed to comply with mandatory notice requirements of § 12–309); *Giardino v. District of Columbia,* 252 F.R.D. 18, 24 (D.D.C.2008) ("Because the plaintiffs failed to comply with

The plain language of § 12–309 supports this conclusion. Section 12–309 provides:

An action may not be maintained against the District of Columbia for unliquidated damages . . . unless, within six months after the injury or damage was sustained, the claimant . . . has given notice in writing to the Mayor of the District of Columbia of the approximate time, place, cause, and circumstances of the injury or damage. A report in writing by the Metropolitan Police Department, in regular course of duty, is a sufficient notice under this section.

This broad language "applies to *all* claims for unliquidated damages," not distinguishing between common law and statutory claims. *Byrd,* 538 F.Supp.2d at 176 (emphasis added). *Id.*

 As this court has previously explained, the general notice requirements of § 12–309 serve several important purposes: they (1) permit the District of Columbia to conduct an early investigation into the facts and circumstances surrounding a claim, (2) protect the District of Columbia against unreasonable claims, and (3) encourage prompt settlement of meritorious claims. *Pitts v. District of Columbia,* 391 A.2d 803, 807 (D.C.1978) ("[T]he section was designed to aid the District of Columbia in the defense of the public interest where claims are filed within the applicable statute of limitations but so long after the event that it is impossible for the city to obtain evidence for use in litigation which may result.") (internal quotation marks and citation omitted); *see also Jenkins v. District of Columbia,* 379 A.2d 1177, 1178 (D.C.1977); *Wilson v. District of Columbia,* 338 A.2d 437, 438 (D.C.1975). These statutory purposes are equally served when the District is facing DCHRA claims.

We repeatedly have held that "compliance with the statutory notice requirement is mandatory," *Pitts,* 391 A.2d at 807, and that § 12–309 "is to be construed narrowly against claimants." *Brown v. District of Columbia,* 853 A.2d 733, 736 (D.C.2004); *District of Columbia v. Dunmore,* 662 A.2d 1356, 1359 (D.C.1995) (same). We have also "explained many times before that written notice under § 12–309 is a condition precedent to filing suit against the District." *Tucci v. District of Columbia,* 956 A.2d 684, 695 (D.C.2008) (internal citation omitted); *Gwinn v. District of Columbia,* 434 A.2d 1376, 1378 (D.C.1981) (same).

 Without citing any supporting authority, Ms. Owens argues that § 12–309 does not apply here because the DCHRA does not specifically mention compliance with that statute as a precondition to filing suit. Yet, nothing in the language of the DCHRA, or its legislative history, expressly provides that § 12–309 does *not* apply, and "repeals by implication are not favored." *Morton v. Mancari,* 417 U.S. 535, 549, 94 S.Ct. 2474, 41 L.Ed.2d 290 (1974); *see also District of Columbia Metro. Police Dep't v. Perry,* 638 A.2d 1138, 1144 (D.C.1994) (same). Moreover, the broad and general language of § 12–309 mentions no exceptions.

The legislative history of the DCHRA indicates that it should "be read in harmony with and as supplementing other laws of the District," rather than as generally displacing them. *Evans v. United States,* 682 A.2d 644, 648 (D.C.1996) (quoting *Dean v. District of Columbia,* 653 A.2d 307, 319 (D.C.1995) (citing COMMITTEE ON PUBLIC SERVICES AND CONSUMER AFFAIRS, REPORT ON BILL 2–179, THE HUMAN RIGHTS ACT OF 1977, at 3 (July 5, 1977))). We have previously refused to assume, in the ab-

§ 12–309, their claims against the District

based on the DCHRA will be dismissed.").

sence of specific textual support, that the DCHRA shows the Council's "inten[t] to cut back on [a] previously-existing, statutorily-permitted practice." *Evans*, 682 A.2d at 649 (DCHRA did not prohibit exercising the statutory right to peremptory challenges on the basis of age). We are even less inclined to assume from silence that the DCHRA was meant to override a previously-existing, *statutorily-mandated* requirement that timely notice be given to the Mayor. We therefore conclude that § 12–309 applies to claims for unliquidated damages brought against the District of Columbia under the DCHRA.

### C. Application to Appellant's Claims

■ Ms. Owens's claims for damages under the DCHRA are barred because she failed to provide timely notice of her alleged injury to the Mayor, as required by § 12–309. Although Ms. Owens completed the EEO form within six months of the most recent injury at issue (denial of her request for promotion), that administrative filing with the DMH did not satisfy the statutory requirement of notice to the Mayor. The only statutory exception to the requirement of formal notice to the Mayor is an MPD report, and we are "not free to go beyond the express language of the statute and authorize any additional documents to meet its requirements." *Doe by Fein v. District of Columbia*, 697 A.2d 23, 28 (D.C.1997). Whether the District of Columbia had "actual notice of a potential claim is not an appropriate consideration under section 12–309." *Chidel v. Hubbard*, 840 A.2d 689, 695 (D.C.2004) (rejecting contention that appellant "substantially complied" with the notice requirement because the District had actual notice of the injury). We therefore reject

appellant's argument that "substantial compliance with statutory notice requirements" is sufficient.

■ Even if Ms. Owens's July 19, 2006, letter addressed to the Mayor and served on the ORM was sufficient in substance (a question we need not decide), it was not timely. Although the "content requirements of any notice under section 12–309 are to be interpreted liberally, and in close cases doubts are to be resolved in favor of compliance," *Doe by Fein*, 697 A.2d at 27, "the requirement that the notice be given, and within the time specified, and to the proper officers" is strictly construed. *Wharton*, 666 A.2d at 1230 (citing *Washington v. District of Columbia*, 429 A.2d 1362, 1365 n. 9 (D.C.1981)); *see also De-Kine v. District of Columbia*, 422 A.2d 981, 985 (D.C.1980) (letter received one day late fails to satisfy § 12–309). In this case, Ms. Owens had six months from March 2, 2005, the date on which she was denied a promotion, to provide written notice to the Mayor, but she did not do so until almost sixteen months later. *See Dunmore*, 662 A.2d at 1359–60 (pursuant to § 12–309, "the six-month clock begins to run from the moment the plaintiff sustains the injury").[3]

■ Appellant contests this conclusion by arguing that her administrative complaint to the DMH tolled the time for giving notice under § 12–309. However, the DCHRA has no provision for tolling the time limits in § 12–309, and we have previously held that § 12–309 does not permit equitable tolling. *Doe by Fein*, 697 A.2d at 29–31. "Unlike a statute of limitations, which can be tolled . . ., § 12–309 starts the clock at the instant an injury or

---

**3.** The clock began to run, at the latest, on the date she was denied a promotion because it is the most recent discrete incident Ms. Owens challenges. *Barrett v. Covington & Burling*

*LLP,* 979 A.2d 1239, 1248 (D.C.2009) ("[A] reasonable accommodation claim [under the DCHRA] is based on discrete acts, not on prolonged or repeated conduct.").

damage is sustained." *Brown,* 853 A.2d at 736–37. Section 12–309 was "designed to avoid, as applied to the District, the pitfalls of [a] statute of limitations." *Gwinn,* 434 A.2d at 1378 ("To permit the notice period to be tolled, ... would create a situation where prospective litigants could delay [perhaps for many] years before notifying the District of their claim. Such an interpretation would totally frustrate the legislative intent.").

██ Ms. Owens misplaces her reliance on *Pinkney v. District of Columbia,* 439 F.Supp. 519 (D.D.C.1977), where the district court held that, if a plaintiff is required to exhaust administrative remedies prior to filing a claim in court, the duty to furnish timely notice under § 12–309 is not triggered until a cause of action accrues, after the administrative proceeding ends. 439 F.Supp. at 525. Even if *Pinkney* were applicable to these circumstances,[4] it is not binding on this court, and we are not persuaded by its reasoning. Indeed, this court has disagreed with the type of analysis employed in *Pinkney. See Dunmore,* 662 A.2d at 1359 ("[U]nder section 12–309, the six-month clock begins to run from the moment the plaintiff sustains the injury, not from the moment a cause of action accrues.").[5]

### III. Conclusion

"Put simply, a plaintiff bringing claims under the DCHRA for unliquidated damages is not excused from providing notice

---

4. *Pinkney* did not involve the DCHRA, a statutory scheme which does not require a plaintiff to exhaust administrative remedies. *See* D.C.Code § 2–1403.16(a); *see also Brown v. Capitol Hill Club,* 425 A.2d 1309, 1313 (D.C. 1981) (under the DCHRA, complainant free to choose among "alternative avenues of redress—administrative or judicial").

5. We also reject Ms. Owens's argument that the District of Columbia waived its right to rely upon § 12–309 as an affirmative defense.

---

pursuant to § 12–309." *Giardino,* 252 F.R.D. at 24. For the reasons set forth in this opinion, we hold that appellant did not satisfy those notice requirements. Accordingly, the complaint was properly dismissed and the judgment of the Superior Court is hereby

*Affirmed.*

---

The District of Columbia provided notice of this defense in its answer, and it raised this defense in a motion for judgment on the pleadings submitted prior to the deadline for filing motions. Although the District certainly could have saved the court and the parties a lot of time and resources by raising this defense sooner, Ms. Owens suffered no legal prejudice from the District's delay: Ms. Owens missed the deadline for complying with § 12–309 long before she filed this complaint.