# UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF COLUMBIA

ERIN BENTON,                           :
                                       :
          Plaintiff,                   :          Civil Action No.:      14-1073 (RC)
                                       :
     v.                                :          Re Document No.:       23
                                       :
LABORERS' JOINT TRAINING FUND,         :
                                       :
          Defendant.                   :

## MEMORANDUM OPINION

### GRANTING IN PART AND DENYING IN PART PLAINTIFF'S MOTION FOR LEAVE TO FILE AN AMENDED COMPLAINT

Plaintiff Erin Benton brought this action alleging that her former employer, Defendant Laborers' Joint Training Fund, failed to pay her overtime wages in violation of the Fair Labor Standards Act ("FLSA") and the D.C. Minimum Wage Act ("DCMWA"). The Court previously granted summary judgment to Defendant on Plaintiff's FLSA overtime claim after finding Plaintiff had failed to establish that Defendant is a covered enterprise under the FLSA. *See Benton v. Laborers' Joint Training Fund*, No. 14-1073, 2015 WL 4736028, at *5–7 (D.D.C. Aug. 10, 2015); *see also* ECF No. 22 at 11–16. At that time, the Court declined to consider Plaintiff's belated argument—raised for the first time in her reply—that the nature of her employment sufficed to establish individual coverage under the FLSA. Instead, the Court stated that it would permit Plaintiff "to seek leave to amend her complaint to include a claim of individual coverage based on interstate travel." *Id.* at *7–8; *see also* ECF No. 22 at 17–19.

Now before the Court is Plaintiff's motion for leave to file an amended complaint (ECF No. 23). Defendant does not appear to contest Plaintiff's motion to the extent the proposed

amended complaint seeks to include allegations of individual FLSA coverage. *See* Def.'s Opp'n at 2,[1] ECF No. 24 (stating that "Plaintiff's proposed amended pleading does endeavor to include a claim of individual FLSA coverage based on interstate travel as this Court permitted" (emphasis added)). Nor does Defendant's opposition contest that Plaintiff has established good cause for amending her complaint to include those individual coverage allegations, thus conceding the issue. *See* Local Civ. R. 7(b); *Cefarrati v. JBG Props., Inc.*, 75 F. Supp. 3d 58, 69 (D.D.C. 2014) (noting that when "a party files an opposition to a motion and addresses only certain arguments raised by the movant, this court routinely treats the unaddressed arguments as conceded" (internal quotation marks and citation omitted)); *see also Brown v. District of Columbia*, 199 F.R.D. 9, 10 (D.D.C. 2001) (finding that defendants had conceded plaintiffs' motion for leave to file an amended complaint). Therefore, the Court will grant Plaintiff's motion to the extent it seeks leave to add allegations of individual FLSA coverage.

Defendant does argue, however, that the proposed amended complaint exceeds the scope of this Court's invitation to seek leave. While Defendant's opposition generally protests that the proposed complaint includes "additional changes," Defendant only identifies one: Plaintiff's effort "to dramatically *increase* the number of overtime hours for which [Plaintiff] claims she was never paid," as alleged in the original complaint, "from 415 hours to 595.5 hours." Def.'s Opp'n at 2 (emphasis in original). The proffered complaint does indeed increase the number of overtime hours alleged. *See* Proposed First Am. Compl. ¶¶ 32, 38, ECF No. 23–2. Plaintiff's motion provides no explanation for this substantive change. *See generally* Pl.'s Mem. for Leave to File First Am. Compl., ECF No. 23–1. And Plaintiff has failed to file any reply to

---

[1] Because the page numbering in Defendant's opposition begins only on the second page (which the opposition erroneously identifies as page 1) the Court cites to the page numbers automatically generated by ECF.

Defendant's opposition. As a result, the Court treats as conceded Defendant's argument that Plaintiff's modification to her overtime hour allegations exceeds the scope of the Court's invitation to seek leave. *See Day v. D.C. Dep't of Consumer & Regulatory Affairs*, 191 F. Supp. 2d 154, 159 (D.D.C. 2002). Because those modifications exceed the scope of the Court's invitation to seek amendment, and significantly alter the extent of Defendant's purported liability under the FLSA, the Court will deny Plaintiff's motion with respect to the revised allegations in paragraphs 32 and 38 of the proposed amended complaint. *See, e.g.*, *Corrales v. Vega*, No. 12-01876, 2015 WL 575961, at *3 (C.D. Cal. Feb. 11, 2015) (explaining that "[w]hen a district court grants leave to amend for a specified purpose, it does not thereafter abuse its discretion by dismissing any portions of the amended complaint that were not permitted"); *In re Keithley Instruments, Inc., Derivative Litig.*, 599 F. Supp. 2d 908, 913–14 (N.D. Ohio 2009) (acknowledging that courts are generally "reluctant to strike otherwise pertinent parts of a complaint even where the filing exceeded the scope of leave granted by the court" but holding that precluding plaintiffs from including new allegations was warranted where the differences were "substantial" and the new theories of recovery were "vastly different").

For the foregoing reasons, Plaintiff's motion for leave to file an amended complaint (ECF No. 23) is **GRANTED IN PART AND DENIED IN PART**. An order consistent with this Memorandum Opinion is separately and contemporaneously issued.

Dated: December 1, 2015                                         RUDOLPH CONTRERAS
                                                                                      United States District Judge