John E. TIBBS, Plaintiff,

v.

Mayor Anthony WILLIAMS,
et al., Defendants.

No. CIV.A.01–415 RMC.

United States District Court,
District of Columbia.

May 13, 2003.

Veronica Geneva Awkard, Washington, DC, for J.E. Tibbs Home Improvement.

Steven John Anderson, Office of Corp. Counsel, DC, Washington, DC, for defendants.

## MEMORANDUM OPINION

COLLYER, District Judge.

John E. Tibbs operates a construction supply depot in Washington, DC, Trading As J.E. Tibbs Home Improvement. He complains that agents of the District of Columbia physically entered his premises on July 22, 1999 and illegally searched the premises and seized some of his personal property and business equipment. He sues Mayor Anthony Williams, former Fire Chief Ronnie Few, the District of Columbia, the District of Columbia "Fire and EMS Fire Department," and Cecilia L. Hill, Trading As Capital City Towing. The complaint alleges violations of due process (count one),[1] unreasonable search and seizure in violation of the Fourth Amendment (count two), assault (count three), intentional infliction of mental distress (count four), tortious interference with business relationships (count five) and objective cruelty in violation of the Eighth Amendment (count seven).

Mr. Tibbs bases his suit on the Fourth, Fifth and Eighth Amendments to the United States Constitution, 28 U.S.C. § 1343, 42 U.S.C. § 1983, and federal question jurisdiction under 28 U.S.C. § 1331. He asserts pendent and ancillary jurisdiction over the non-federal claims (counts three, four and five) because all claims arose out of the same transaction.

The immediate complaint is the Second Amended Complaint filed in this action by Mr. Tibbs. *See Tibbs v. Williams*, Civ. Action No. 01–415(EGS), Memorandum Opinion and Order (D.D.C. March 29, 2002) (dismissing the first amended complaint with leave to re-file) *(Tibbs I )*. His prior complaint was dismissed for failure to allege that a policy or practice of the District of Columbia contributed to the alleged constitutional violations, as required by *Monell v. Dep't of Social Services*, 436 U.S. 658, 690–91, 98 S.Ct. 2018, 56 L.Ed.2d 611 (1978); failure to identify actions by Mayor Williams or Chief Few that would support suit against them in their personal, as opposed to official, ca-

---

1. This due-process claim arises under the Fifth Amendment to the Constitution, which provides due process protections to District of Columbia citizens coextensive with the due process protections of the Fourteenth Amendment. *Bolling v. Sharpe*, 347 U.S. 497, 499–500, 74 S.Ct. 693, 98 L.Ed. 884 (1954).

pacities; and failure to effect timely service of the complaint on Ms. Hill.

## I. Motion to Dismiss

Motions to dismiss are disfavored and will not be granted "unless it appears beyond doubt that the plaintiff can prove no set of facts in support of his claim which would entitle him to relief." *Conley v. Gibson,* 355 U.S. 41, 45–46, 78 S.Ct. 99, 2 L.Ed.2d 80 (1957); *Kowal v. MCI Communications Corp.,* 16 F.3d 1271, 1276 (D.C.Cir.1994). Mr. Tibbs is entitled to "the benefit of all inferences that can be derived from the facts alleged." *Kowal,* 16 F.3d at 1276. At this stage of the proceedings, the court accepts as true all of the complaint's factual allegations. *Hishon v. King & Spalding,* 467 U.S. 69, 73, 104 S.Ct. 2229, 81 L.Ed.2d 59 (1984); *Doe v. United States Dep't of Justice,* 753 F.2d 1092, 1102 (D.C.Cir.1985). However, the movant is entitled to judgment if there are no allegations in the complaint that, even if proven, would provide a basis for recovery. *Haynesworth v. Miller,* 820 F.2d 1245, 1254 (1987).

## II. Legal Analysis

Before the true contours of this lawsuit can be examined, it is necessary to clear out some of the underbrush.

■ First, as already determined by Judge Sullivan, the District of Columbia "Fire and EMS Fire Department" is not a legal entity subject to suit, separate and apart from the District of Columbia. Therefore, it remains dismissed and is not a party to this suit. *Tibbs I,* No. 01–415, slip op. at 9, 12.

Second, despite the opportunity to amend the complaint for a second time to state with "clarity" whatever facts might support claims against Mayor Williams and ChiefFew as individuals, Mr. Tibbs has failed to do so. The Second Amended Complaint contains no basis to make a personal claim against either official. Therefore, in accord with the reasons stated by Judge Sullivan, Mayor Williams and Chief Few will be dismissed with prejudice. *Tibbs I,* No. 01–415, slip op. at 8, 12.

■ Third, the claim that the District of Columbia violated Mr. Tibbs's Eighth Amendment rights must be dismissed as lacking in merit. The Eighth Amendment only applies to persons convicted of or entering a plea of guilty to a crime. *Bell v. Wolfish,* 441 U.S. 520, 536 n. 17, 99 S.Ct. 1861, 60 L.Ed.2d 447 (1979) (Eighth Amendment comes into play only to evaluate punishment inflicted "follow[ing] a determination of guilt after trial or plea ....").

Fourth, Ms. Hill has not filed an answer to the complaint and is not participating, to date, in this lawsuit.[2] There is nothing in the complaint that identifies her or A–Capital City Towing as independent actors in this drama.

Thus, the case is really against the District of Columbia and raises two questions: 1) has Mr. Tibbs advanced a cognizable claim against the District of Columbia, and 2) were his claims properly reflected in his pre-suit notice to the Mayor? If the answers to these two questions are in the

**2.** Under Rule 4(m) of the Federal Rules of Civil Procedure, if the plaintiff has not served the defendant with a summons and a complaint within 120 days after the filing of the complaint, the Court may dismiss the action. The Court has no record that Ms. Hill has ever been served with the Second Amended Complaint, which Plaintiffs filed on April 26, 2002. Therefore, the Court orders the plaintiff to show cause why the Court should not *sua sponte* dismiss the action without prejudice as to Cecilia L. Hill, T/A A–Capital Towing.

affirmative, then the Court must determine the merits of the statute of limitations defenses advanced by the District.

### A. Claims Against the District of Columbia

■ As noted by Judge Sullivan in *Tibbs I*,

> A municipality may be sued under Section 1983 for implementing or executing a policy or custom that causes the deprivation of an individual's constitutional rights. *Monell v. Dep't of Social Services*, 436 U.S. 658, 690–91, 98 S.Ct. 2018, 56 L.Ed.2d 611 (1978). Pursuant to *Monell*, plaintiff must demonstrate that the violation of his constitutional rights was the result of either (1) an official policy statement, ordinance or regulation, or (2) a governmental custom or practice that is persistent and widespread. *Id.* Plaintiff must establish that the official policy or custom is "the moving force of the constitutional violation." *Carter v. District of Columbia*, 795 F.2d 116, 122 (D.C.Cir.1986). A municipality can only be held liable if it is "itself responsible for an unconstitutional deprivation of rights." *Atchinson v. District of Columbia*, 73 F.3d 418, 420 (D.C.Cir.1996).

*Tibbs I*, No. 01–415, slip op. at 6. The Second Amended Complaint alleges a violation of due process under the Fifth Amendment because of the District's failure to meet its alleged "duty to give Plaintiff notice and hearing." Compl. ¶ 19. Mr. Tibbs asserts that the District "took possession of [his] property without consent or notice ... without reasonable cause" and in violation of the Fourth Amendment. Compl. ¶¶ 23 & 25. Were these the only allegations, the Second Amended Complaint would be no more specific than the First Amended Complaint, which Judge Sullivan dismissed for failure to state the nature of the policy or procedure implemented by the District of Columbia that allegedly violated the Constitution. *See Tibbs I*, No. 01–415, slip op. at 6–7, 15.

The Second Amended Complaint has slightly more, however. While it is decidedly thin, the Court cannot say that it advances no legal theory on which Mr. Tibbs might possibly recover. *See Hishon v. King & Spalding*, 467 U.S. at 73, 104 S.Ct. 2229. Paragraph 42 of the complaint asserts that "[i]nadequate training and supervision of Defendants represent the policy of the District of Columbia and that failure to properly and adequately train Defendants amounts to deliberate indifference towards the rights of the Plaintiff." Compl. ¶ 42. It is true that this allegation is contained in Count VI, negligent supervision and retention, which is a claim under the law of the District of Columbia and not the Constitution. The connection to Mr. Tibbs's constitutional claims is made clear in his brief in opposition to the motion to dismiss: "The District of Columbia's failure to properly supervise or train its workforce enabled the District of Columbia officials to act with deliberate indifference to the constitutional rights of the Plaintiff. The Plaintiff was deprived of his due and 4th Amendment rights." Opposition at 2. A suit for failure to train and/or supervise might meet the pleading requirements to sue a municipality for constitutional violations. *City of Canton v. Harris*, 489 U.S. 378, 388–89 & n. 7, 109 S.Ct. 1197, 103 L.Ed.2d 412 (1989) (recognizing municipal liability under section 1983 for failure to train adequately); *Rogala v. District of Columbia*, 161 F.3d 44, 56 (D.C.Cir.1998) (recognizing liability for failure to train or supervise).

### B. Adequacy of Notice under Section 12–309

■ Even if the Second Amended Complaint meets the bare requirements of

notice pleading, the District of Columbia argues that Mr. Tibbs failed, with respect to Count V, "Tortous [sic] Interference With a Business Relationship Against Plaintiff and his Clients," to meet the requirements of § 12–309 of the District of Columbia Code, which requires advance and timely notice of an intent to assert claims against the District. *See* D.C. CODE ANN. § 12–309. As recognized by Mr. Tibbs, § 12–309 represents a waiver of sovereign immunity and is to be " 'strictly construed and compliance with [its] notice requirement is mandatory.' *Pitts v. District of Columbia,* 391 A.2d 803, 807 (D.C.App.1978)." Opposition at 3; *see also Kirkland v. District of Columbia,* 70 F.3d 629 (D.C.Cir.1995); *Gwinn v. District of Columbia,* 434 A.2d 1376, 1378 (D.C.App. 1981). Mr. Tibbs argues that his claims of tortious interference with business relations and negligent supervision and retention are "implicit in the facts stated in the claims." Opposition at 4.

■ The Court agrees with the District of Columbia that a claim that is only implicit in the § 12–309 notice cannot be the basis for a later suit against the District. In pertinent part, § 12–309 states:

> An action may not be maintained against the District of Columbia for unliquidated damages to person or property unless, within six months after the injury or damage was sustained, the claimant, his agent, or attorney has given notice in writing to the Mayor of the District of Columbia of the approximate time, place, cause, and circumstances of the injury or damage. A report in writing by the Metropolitan Police Department, in regular course of duty, is a sufficient notice under this section.

D.C. CODE ANN. § 12–309.

The relevant legislative history explains that

> The purpose of the [§ 12–309 notice requirement] is to protect the District of Columbia against unreasonable claims and to assist it in the defense of the public interest where claims are made within the ... statute of limitations but so long after the event that it is impossible for the District of Columbia to obtain evidence for use in the litigation which may result.

*Breen v. District of Columbia,* 400 A.2d 1058, 1060 (D.C.1979) (quoting H.R. REP. No. 2010, at 1 (1933)).

The District of Columbia further argues that the letters from Mr. Tibbs's counsel were insufficient to put it on notice of his allegations of interference with customer relations. It notes *Doe ex rel. Fein v. District of Columbia,* 697 A.2d 23 (D.C. 1997), in which it was held that the "cause" of a claim against the District was not adequately described in the notice under § 12–309. In *Doe,* the injury arose from the failure to remove a minor from an abusive environment. The court held that the police reports, which were argued to have served as the § 12–309 notice, alerted the District only to the fact that the child had been abused but not that a claim might be made that the District was liable for its failure to remove the child from its environment. *Doe,* 697 A.2d at 27.

Through counsel, Mr. Tibbs sent an undated letter to Mayor Williams (received by the Mayor's Office on December 22, 1999) giving notice of his intent to assert claims "arising out of assault, negligence, theft and intentional infliction of emotion [sic] distress" because agents of the District "physically entered [his] premises and unlawfully seized and removed personal effects." The letter contained a list of the items removed, with a dollar value for each, and also asserted that these actions "caused Mr. Tibbs a loss of income of more than $80,000." A second undated letter (received by the Mayor's Office on January

3, 2000) supplemented the first and again asserted "assault, negligence, theft and intentional infliction of emotion [sic] distress .... The taking of Mr. Tibbs' [sic] property was unjust and without notice [or] warning."

The *cause* of Mr. Tibbs's claims was clearly set out—the entry onto his premises by agents of the District who are alleged to have "unlawfully seized and removed personal effects." The *legal consequences* of these actions were described with less specificity. Nonetheless, the District of Columbia was fairly on notice of its potential liability and its connection to Mr. Tibbs's injury, which is what *Doe* requires. His letters gave no doubt that Mr. Tibbs would seek to hold the District of Columbia liable for the "unlawful[ ]" entry and seizure.

The District of Columbia argues that *Doe* requires a claimant to give notice of each possible legal cause of action that might be brought rather than just the basis or reason for a claim. While the Court doubts that a § 12–309 notice must be so legalistic to be effective, the contours of the notice requirement do not need to be resolved here. The combination of letters from Mr. Tibbs's counsel notified the District of Columbia that Mr. Tibbs would assert a claim because (i) its agents "unlawfully seized and removed" belongings from Mr. Tibbs's business and personal property, (ii) agents of the District acted with "negligence," (iii) equipment with a specified dollar value was removed, (iv) Mr. Tibbs suffered a loss of income of more than $80,000 as a result, and (v) these actions were "without notice." Read in this fashion, the Court concludes that the letters gave adequate notice Mr. Tibbs would allege that District agents tortiously removed his business equipment and prevented him from operating the business leading to a claim of interference with customer relations.

### III. Statute of Limitations

Having come this far, the Court must determine whether certain of Mr. Tibbs's common law claims must be dismissed because they are barred by the applicable statute of limitations. The District of Columbia notes that the incident in question allegedly occurred on July 22, 1999 and that Mr. Tibbs filed this matter initially on February 26, 2001. Therefore, it argues, the claim of assault (count three) is barred by the one-year statute of limitations contained in D.C. CODE § 12–301(4).

The Court agrees. Count three of the complaint was filed eighteen months and four days after the statute of limitations had expired. There is no question that Mr. Tibbs knew of the events immediately on July 22, 1999, and no argument that the statute of limitations should be equitably tolled. Therefore, count three must be dismissed.

■ Further, the District of Columbia argues that the intentional infliction of emotional distress claim (count four) is intertwined with the assault claim and, therefore, the one-year limitation period for assault bars this claim, too. *See Hunter v. District of Columbia*, 943 F.2d 69, 72 (D.C.Cir.1991); *Saunders v. Nemati*, 580 A.2d 660 (D.C.1990). Mr. Tibbs's emotional distress was allegedly occasioned by "acts, threats, verbal abuse and physical aggression" on the part of District agents. Compl. ¶ 30. The "acts, threats, verbal abuse and physical aggression" were part and parcel of the alleged assault. The claim for intentional infliction of emotional distress is therefore fully intertwined with the assault claim and must be dismissed as time barred.

The District of Columbia errs when it argues that Mr. Tibbs's claim for tortious interference with business relationships is also intertwined with the assault claim.

The tortious interference claim is based on the removal of equipment needed for Mr. Tibbs to conduct his business, not by the alleged assault. Therefore, the one-year statute of limitations in § 12–301 of the D.C.Code does not apply and does not constrain this claim.

### Conclusion

In sum, the District of Columbia "Fire and EMS Department Fire Prevention Bureau" is not a proper party-defendant and the allegations against it are dismissed with prejudice. Mr. Tibbs has not sufficiently corrected his complaint to allege facts that could support a claim against Mayor Williams or Chief Few in their individual capacities and the allegations against them are dismissed with prejudice. The common law claim of assault was filed after passage of the one-year statute of limitations and is barred from suit. It is also dismissed with prejudice. The common law claim of intentional infliction of emotional distress is intertwined with the assault claim and must also be dismissed with prejudice as time barred.