### TIG INSURANCE COMPANY, Plaintiff,

v.

### 2200 M STREET, LLC et al., Defendants.

### No. CIV.A. 02–2405 (RMU).

United States District Court,
District of Columbia.

June 9, 2003.

Nkeisha J. Maddox Dumas, Jackson & Campbell, P.C., Washington, DC, for plaintiff.

*MEMORANDUM OPINION*

URBINA, District Judge.

DISMISSING THE ACTION *SUA SPONTE*

## I. INTRODUCTION

The plaintiff, TIG Insurance Company, brings this action seeking declaratory relief against several of its policy holders. The plaintiff filed its complaint on December 6, 2002, and the court issued summons for the plaintiff to serve on each of those insured entities. After the prescribed period of time for service elapsed, the court issued an order directing the plaintiff to show cause as to why the court should not dismiss the action for the plaintiff's failure to serve the complaint and the summons pursuant to Federal Rule of Civil Procedure 4(m). Having received no response from the plaintiff, the court now dismisses this action *sua sponte.*

## II. BACKGROUND

In bringing this action, the plaintiff seeks declaratory relief relating to certain indemnity obligations under its "Coverage Plus Umbrella Liability" insurance policy. Compl. at 4. The plaintiff is the insurer of the entities named as defendants in the complaint, all of which are companies involved in the development of a luxury condominium project located in the District of Columbia. *Id.* The plaintiff filed its complaint shortly after other litigation commenced against the insured entities. *Id.* Ex. 1. The plaintiff alleges that it is the insured entities rather than the plaintiff who are liable for various alleged health violations and fraudulent activity in connection with the condominium development. *Id.* at 15. Accordingly, the plaintiff seeks release from all liability associated with water and mold damage and construction-defect

claims suggested in other litigation. *Id.* at 14–15.

The plaintiff filed its complaint on December 6, 2002. The court issued a summons for each of the entities later that same day. Having received no proof from the plaintiff as to whether it had effected service of the summons and complaint on the entities, the court issued an order on May 6, 2003, directing the plaintiff to show cause by May 20, 2003 as to why the court should not dismiss the action for failure to prosecute. Order dated May 6, 2003. The deadline subsequently has elapsed without any response from the plaintiff.

## III. ANALYSIS

Federal Rule of Civil Procedure 4(m) requires the plaintiff to serve the summons and a copy of the complaint on each named defendant within 120 days of filing the complaint. FED. R. CIV. P. 4(m). If the plaintiff fails either to effect service within the specified time or to show good cause for failing to effect service, the court may dismiss the action without prejudice. *Id.;* LCvR 83.23 (providing that the court may dismiss a case *sua sponte* for failure to prosecute). Consistent with these principles, the D.C. Circuit has held that courts may dismiss a plaintiff's action *sua sponte* where the plaintiff has not complied with Rule 4(m)'s requirements. *Pellegrin & Levine, Chartered v. Antoine,* 961 F.2d 277, 282 (D.C.Cir.1992).

As noted, to date the plaintiff has not provided the court with proof of service of the summons and the complaint. Nor has the plaintiff responded to the court's show-cause order, which offered the plaintiff an opportunity to explain its inaction. Consistent with Federal Rule of Civil Procedure 4(m), the 120-day deadline for the plaintiff to serve the entities passed in early April 2003 without even so much as a request by the plaintiff for an extension of time in which it could effect service. FED. R. CIV. P. 4(m). Accordingly, the plaintiff has left the court with no option other than to dismiss the case without prejudice. *Id.;* LCvR 83.23; *Pellegrin & Levine,* 961 F.2d at 282; *Tibbs v. Williams,* 2003 WL 21140063, at *2 n. 2 (D.D.C. May 13, 2003) (Collyer, J.) (recogniz-

4

ing that the court may dismiss an action *sua sponte* when the plaintiff has not effected service); *Dixon v. England,* 2003 WL 1833193, at *1 (D.D.C. Feb.13, 2003) (Robertson, J.) (dismissing the action *sua sponte* for the plaintiff's failure to effect service).

## IV. CONCLUSION

For the foregoing reasons, the court dismisses the plaintiff's action without prejudice. An order consistent with this Memorandum Opinion is separately and contemporaneously issued this 9th day of June 2003.